**GEORGE SIMON, INC., General Music Publishing Co., Inc., United Artists Music Co., Inc., Almo Music Corp., Hammer and Nails Music, Inc. and Bourne Co., Plaintiffs,**

v.

**Bernard L. SPATZ, Defendant.**

**LEWIS MUSIC PUBLISHING COMPANY, INC. and Granite Music Corporation, Plaintiffs,**

v.

**Bernard L. SPATZ, Defendant.**

**Nos. 79–C–70, 78–C–281.**

United States District Court,
W. D. Wisconsin.

June 18, 1980.

Frank J. Daily, Quarles & Brady, Milwaukee, Wis., for plaintiffs.

Gene D. Linehan, Madison, Wis., for defendant.

CRABB, District Judge.

These consolidated civil actions for monetary and injunctive relief based on alleged copyright infringement are before the court on plaintiffs' motions for summary judgment.

I find that there is no genuine issue with respect to any of the following material facts.

## FACTS

Each of the plaintiffs is a music publisher and a member of the American Society of Composers, Authors and Publishers (AS-CAP). Each has granted to ASCAP a nonexclusive right to license public performances for profit of each of their copyrighted musical compositions. On behalf of plaintiffs and its other members, ASCAP licenses radio and television stations, restaurants, taverns, night clubs and other establishments whose members wish to perform publicly copyrighted musical compositions in the ASCAP repertory.

Defendant is the owner of an establishment known as the Green Bough Lounge which is located in Wausau, Wisconsin. He and his wife operate the Green Bough as a place of business for public entertainment, accommodation, amusement, and refreshments. Liquor and soft drinks are served and live music is provided.

Since December, 1976 or earlier, ASCAP representatives have written and spoken to defendant to request that he obtain and maintain a license to perform publicly any of the musical compositions owned by AS-CAP members. Defendant and his wife have refused to maintain or apply for such a license, while continuing to provide live performances of copyrighted compositions.

On April 8, 1978, Jamie Farnum and John Berggren visited defendant's establishment. Both men had been engaged by ASCAP to make the visit and to list all of the musical compositions played at the Green Bough Lounge. On that evening, Farnum and Berggren heard the compositions, "Paper Roses" and "Tiny Bubbles (Hua Li'L)" performed by a live band called "The Grenier Bros." A valid copyright to "Paper Roses" is owned by plaintiff Lewis. A valid copyright to "Tiny Bubbles" is owned by plaintiff Granite.

On January 6, 1979, Dennis and Dani Gilmore visited the Green Bough Lounge in the employ of ASCAP and heard a live band called "The Versalites" perform "(I Left My Heart) In San Francisco," "Don't It Make My Brown Eyes Blue," "Top of the World," "All of Me," and "Muskrat Ramble."[1] Valid copyrights to each of these five compositions are owned by the various plaintiffs in 79–C–70.[2]

## OPINION

█ Title 17 U.S.C. § 501(a) provides that anyone who violates any of the exclusive rights of the copyright owner is an infring-

---

1. "Muskrat Ramble" was played after midnight of the evening on which the Gilmores were visited; that is, on January 7, 1979.

2. Plaintiff Simon owns the copyright of "Muskrat Ramble." Plaintiff General Music owns the

copyright of "(I Left My Heart) In San Francisco." Plaintiff United Artists owns "Don't It Make My Brown Eyes Blue." Plaintiffs Hammer and Nails and Almo own "Top of the World." Plaintiff Bourne owns "All of Me."

er of the copyright. Title 17 U.S.C. § 106 provides that in the case of musical works, the owner of the copyright has the exclusive rights both to perform the copyrighted work publicly and to authorize the public performance of a copyrighted work. Incidental to the property right created in the copyright owner is the power to lease or license performances by others on stipulated terms. *Westway Theatre v. Twentieth Century-Fox Film Corp.*, 30 F.Supp. 830 (D.Md.1940), aff'd 113 F.2d 932 (4th Cir. 1940).

The elements necessary for establishing infringement are these:

(1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in this action; (4) that the compositions were performed publicly for profit at [the location alleged] and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.

*Shapiro, Bernstein & Co. v. Log Cabin Club Assoc.*, 365 F.Supp. 325, 328 fn. 4 (N.D.W. Va.1973), quoted in *Chess Music, Inc. v. Tadych*, 467 F.Supp. 819, 821 (E.D.Wis. 1979).

None of these elements is in dispute in this case. Defendant has denied none of the allegations or averments of the plaintiffs with the exception of the averment that two of the musical works ("Tiny Bubbles" and "Paper Roses") were played in his establishment on April 8, 1978. Even as to this point he has offered no evidence which would raise a factual dispute militating against a grant of summary judgment in both cases; that is, he has submitted nothing to contradict the averments of the AS-CAP employees that they heard and identified the musical works at issue. In deposition testimony, he and his wife admitted having no knowledge of what pieces were played on either of the nights of April 8, 1978 and January 6, 1979.

■ Defendant makes the argument that plaintiffs are unable to demonstrate that the works played were exactly the same as those copyrighted, but such a demonstration is unnecessary. All that plaintiffs need prove is that their works were performed. The degree of similarity to the original is irrelevant if the work is held out to be a performance of the copyrighted composition.

■ In both of these actions plaintiffs seek the remedies provided under the copyright law, 17 U.S.C. §§ 504(c)(1), 502(a), and 505 (1976), including an injunction prohibiting further infringing performances of plaintiffs' musical compositions, statutory damages, reasonable attorneys' fees, and costs.

As the prevailing parties under the Act, plaintiffs are entitled to an injunction prohibiting the defendant from further infringement of plaintiffs' copyrights. Additionally, under the statute, they are entitled to statutory damages, reasonable attorneys' fees, and costs.

■ From the uncontroverted averments of plaintiffs' counsel, it appears that defendant and his wife have been persistent in their refusal to obtain a license for live performances of copyrighted works and in their desire to litigate this matter to the fullest. It appears, however, that both their refusal to obtain a license and their willingness to litigate are based upon a philosophical opposition to the policies expressed in the Copyright Act and not upon any reasonable belief that they are not subject to the law or to its penalties.

Defendant and his wife are free to express their opinions of the law, to write and talk to their legislators, to lobby in all legal ways for the repeal or modification of the Act. They are not free to infringe upon the statutorily-created rights of the owners of musical works. They have done so in the past at the risk of incurring sizable monetary penalties; they do so in the future at the risk of being held in contempt of court.

Plaintiffs have asked for statutory damages in lieu of offering proof of actual damages. In support of their request for an amount greater than the statutory minimum, they refer to the record in both cases,

which demonstrates one aspect of defendant's resistance to plaintiffs' request that he obtain a license for the performance of copyrighted works. Additionally, plaintiffs point to their own repeated requests to defendant to obtain a license and to defendant's continued refusal to do so. Defendant has not controverted or even addressed himself to plaintiffs' requests for damages.

This appears to be an instance in which plaintiffs are entitled to more than the statutory minimum in the way of damages. I am prepared to grant them double the minimum, or $500.00 per infringement, for a total of $3500.00.

Plaintiffs have requested reasonable attorneys' fees pursuant to 17 U.S.C. § 505. They may have until July 1, 1980, in which to file an itemization of the fees and expenses reasonably incurred in the prosecution of these lawsuits. Defendant may have until July 15, 1980, in which to file written objection to the plaintiffs' submission.

## ORDER

Plaintiffs' motions for summary judgment are GRANTED. Plaintiffs are awarded statutory damages in the amount of $500.00 for each of the seven infringements at issue in these suits.