David QUINTO, Plaintiff,

v.

LEGAL TIMES OF WASHINGTON, INC. et al., Defendants.

Civ. A. No. 80–1005.

United States District Court, District of Columbia.

April 7, 1981.

David Quinto, plaintiff, pro se.

E. Fulton Brylawski, J. Michael Cleary, Edwin Komen, Brylawski & Cleary, Washington, D. C., for defendants Beckwith and Legal Times.

FLANNERY, District Judge.

### MEMORANDUM OPINION

On January 26, 1981, this court found that the defendants had infringed plaintiff's copyright in an article which appeared in the September 21, 1979 *Harvard Law Record.* This matter is now before the court on plaintiff's application for statutory damages, costs, and attorney fees.

Section 505, 17 U.S.C., provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States, or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

This represents a substantial departure from the 1909 Copyright Act. Under the old law, 17 U.S.C. § 116, it was mandatory that full costs be awarded to the prevailing party in a copyright infringement action while attorney's fees were discretionary. The new Act leaves both matters to the court's discretion. *See* 3 *Nimmer on Copyright* § 14.09 at 14–62.

Plaintiff, a second-year law student, represented himself in this action. The defendants contend that no award of attorney's fees should be made to a *pro se* litigant. They point out that there are no reported cases in which a prevailing party acting *pro se* in a copyright infringement suit has been awarded attorney's fees for the value of his time and that there is nothing in the legislative history of the present Copyright Act or the prior Act which shows a *pro se* litigant is eligible for such an award. They further argue that even if a *pro se* litigant may receive attorney's fees, such an award is inappropriate in this case.

*Discussion*

█ The purpose of the Copyright Act is to encourage people to devote themselves to intellectual and artistic creation by granting authors the exclusive right to the fruits of their labor. *See Goldstein v. California*, 412 U.S. 546, 556, 93 S.Ct. 2303, 2309, 37 L.Ed.2d 163 (1973). Thus a successful suit for copyright infringement involves more than just the vindication of private property rights, for if the Act were not enforced by private suits, the incentives Congress established to encourage authorship would have little effect. One way Congress sought to ensure that the Copyright Act would be enforced was to provide for discretionary awards of costs and attorneys fees. *See, e. g., Brefford v. I Had A Ball Co.*, 271 F.Supp. 623, 627 (S.D.N.Y.1967) ("The purpose of an award of attorney's fees to a plaintiff is to deter copyright infringement."). An award of attorney's fees helps to ensure that all litigants have equal access to the courts to vindicate their statutory rights. It also prevents copyright infringements from going unchallenged where the commercial value of the infringed work is small and there is no economic incentive to challenge an infringement through expensive litigation. *See Blumcraft of Pittsburgh v. Newman Bros., Inc.*, 337 F.Supp. 859, 863 (S.D.Ohio 1971). In addition, an award of attorney's fees serves to penalize the losing party as well as to compensate the prevailing party. *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 915 (D.Conn.1980); *Leo Feist, Inc. v. Apollo Records, N.Y. Corp.*, 300 F.Supp. 32, 43 (S.D.N.Y.) *aff'd* 418 F.2d 1249 (2d Cir. 1969), *cert. denied*, 398 U.S. 904, 90 S.Ct. 1694, 26 L.Ed.2d 63 (1970).

█ It is wholly consistent with the congressional intent that the Copyright Act be privately enforced to award attorney's fees to a prevailing *pro se* litigant. To deny such a litigant attorney's fees solely on the grounds that he did not incur any liability to pay attorney's fees ignores the fact that a *pro se* litigant must forego other activities in order to prepare and pursue his case. Thus the rule in this Circuit is that a *pro se*

plaintiff may receive an award of attorney's fees in a suit based on the Freedom of Information Act. *Cox v. United States Department of Justice*, 601 F.2d 1, 5–6 (D.C. Cir. 1979); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C. Cir. 1977). *But cf. Crooker v. United States Department of the Treasury*, 634 F.2d 48 (2d Cir. 1980) (refusing an award of attorneys fees to a *pro se* prisoner who made no showing that prosecuting a lawsuit diverted him from income-producing activity); *Crooker v. United States Department of Justice*, 632 F.2d 916, 920–21 (1st Cir. 1980).

█ The defendants contend, correctly, that an award of attorney's fees under the FOIA is appropriate only where the suit results in a benefit to the public. From this they reason that this case involved only a personal property interest, and thus an award of attorney's fees is inappropriate here. However, the legislative history of the FOIA specifies four criteria to be considered by a court in deciding whether to award attorney's fees, including the benefit to the public. *See Cuneo v. Rumsfeld, supra*, 553 F.2d at 1364–65. Even if the court were to assume there is no public benefit in this copyright suit, neither the legislative history nor the common law impose any requirement that there must be a showing of public benefit before a fee can be awarded in a copyright case.

The defendants argue that even if a prevailing *pro se* plaintiff may be awarded attorney's fees in a copyright infringement action, the circumstances in this case do not justify an award. They first contend that there should be no award where the defense to the action was made in good faith or where the case presents a novel and complex question of law. In *Baldwin Cooke Co. v. Keith Clark, Inc.*, 420 F.Supp. 404 (N.D. Ill.1976), the court found that plaintiff's work had been copied for the purpose of enabling the defendant to offer the public a substitute for plaintiff's work. Although the court found no damage to plaintiff's goodwill, and although it accepted as true defendant's statement that it at all times acted in good faith and on the advice of

counsel, the court awarded plaintiff substantial attorney's fees. In the present case the court specifically held that the defendants had not acted in good faith. In addition, the sole reason a novel question was presented was because the infringement was so clear-cut that the court was able to rule that an infringement had occurred as a matter of law.

■ Defendants next contend that no award should be made because plaintiff refused to accept a reasonable settlement offer or to negotiate in good faith. It suffices to say that this court's award of statutory damages, costs, and attorney's fees exceeds the $500 offer of judgment defendants made under Rule 68, Fed.R.Civ.P. Thus none of the justifications for denying an award of attorney's fees is present in this case and the court will order defendants to pay plaintiff's costs, including a reasonable attorney's fee.

■ Plaintiff in this case has elected to recover statutory damages rather than actual damages, and the court must award him an amount not greater than $10,000 and not less than $250. *See* 17 U.S.C. § 504(c)(1). Within those limits, the assessment of damages lies within the court's sound discretion. Considering the fair market value of plaintiff's article and the amount defendants saved by copying plaintiff's article rather than writing their own, the court awards statutory damages of $250.

■ Plaintiff has documented $583.54 in costs, not including attorney's fees.[1] The court will award him the full $583.54. In determining a reasonable attorney's fee the court will take into account the amount of work which was necessary, the skill employed, the monetary amount involved, and the result achieved. *See* 3 *Nimmer on Copyright* § 14.10[C] at 14–68. However,

the amount of time expended by plaintiff must be substantially reduced since he was "dealing with an unfamiliar subject and cannot fairly charge defendants[s] for [his] education."[2] *Orgel v. Clark Boardman Co.,* 128 U.S.P.Q. 531, 532 (S.D.N.Y.1960) *modified* 301 F.2d 119 (2d Cir. 1962) (further reducing attorney's fees from $10,000 to $5,000). Accordingly, the court will award plaintiff attorney's fees of $500.

---

1. These costs are broken down as follows: $10 filing fee; $35 United States Marshal's fees; $18 other charges relating to service of process; $434.52 transcripts of two depositions; $59.25 xeroxing; $26.77 postage.

2. Plaintiff claimed over 200 hours work on this case. The court feels that roughly 100 hours work were necessary. Also, the hourly rate at which plaintiff is being compensated has necessarily been reduced in order that the attorney's fees award bears a reasonable relationship to the award of damages.