LAURATEX TEXTILE CORP., Plaintiff,

v.

ALLTON KNITTING MILLS INC. and Martin Levine, Defendants.

No. 80 Civ. 1101 (MEL).

United States District Court, S. D. New York.

May 15, 1981.

Helfat & Helfat, New York City, for plaintiff; Bernard A. Helfat, New York City, of counsel.

Fogel, Kamhi & Spiegler, P. C., New York City, for defendants; Martin Fogel, New York City, of counsel.

LASKER, District Judge.

Lauratex Textile Corp. is a textile converter, which prepares and produces new designs for printing on fabric sold to garment manufacturers. Lauratex sues Allton Knitting Mills, Inc., another textile converter, and its president and operating head, Martin Levine, for allegedly copying Lauratex's design known as "Pattern # 36790 Show-Off" (Plaintiff's Exhibit 3).

Allton contends that its pattern (Plaintiff's Exhibit 8) is "vastly different," that Lauratex's design is not original, and even if it was, that Allton's design is original and not copied from Pattern # 36790.

*A. Originality of Lauratex's Design*

■ The uncontroverted facts established at trial clearly demonstrate that Lauratex is the registered owner of a copyright in Pattern # 36790 and that the design is an original work.

Jerry Sander, the director of Lauratex's art department, testified that he bought the original sketch (Plaintiff's Exhibit 1) from the Farkas-Ortenzi design studio in Como, Italy and then supervised the translation of the sketch into a design suitable for repeat printing on fabric. The design was first published on July 25, 1978 with a notice of copyright on the selvage. Lauratex applied for a copyright for this design on February 11, 1980, and one was issued on February 12, 1980.[1] (Plaintiff's Exhibit 4).

*B. Originality of Allton's Design*

■ In *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487 (2d Cir. 1960), the Second Circuit, affirming the grant of a preliminary injunction prohibiting the defendant from copying plaintiff's design, stated that the aesthetic appeal of the design in question is determinative of copyright infringement of a fabric design and that differences in detail which do not affect the overall appearance of the fabric do not negate infringement.

"In the case of designs, which are addressed to the aesthetic sensibilities of an observer, the test is, if possible, even more intangible [than in the case of verbal works]. No one disputes that the copyright extends beyond a photographic reproduction of the design, but one cannot say how far an imitator must depart from an undeviating reproduction to escape infringement. In deciding that question one should consider the uses for which the design is intended, especially the scrutiny that observers will give to it as used. In the case at bar we must try to estimate how far its overall appearance will determine its aesthetic appeal when the cloth is made into a garment. Both designs have the same general color, and the arches, scrolls, rows of symbols, etc. on one resemble those on the other though they are not identical. Moreover, the patterns in which these figures are distributed to make up the design as a whole are not identical. However, the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same. That is enough; and indeed, it is all that can be said, unless protection against infringement is to be denied because of variants irrelevant to the purpose for which the design is intended."

*Id.* at 489. *Accord Malden Mills, Inc. v. Regency Mills, Inc.*, 626 F.2d 1112 (2d Cir. 1980).

■ From an examination of the Lauratex and Allton designs, we find that their

---

1. Joseph Heaven, Lauratex's sales manager, explained that the reason for the gap between the original publication and the application for copyright registration was that he had thought the design had been copyrighted until the files were checked after discovery of the Allton design. When those files revealed that the pattern was not registered, an application was filed.

overall effect is identical, and that an ordinary observer of garments made out of fabric printed with those designs who was not searching for their differences would conclude that they are the same design. Both designs are floral prints on a white background bordered by a narrower stripe containing another design. Both use precisely the same color combinations in the same balance of colors.[2] In both, the flowers are the same size and are clustered in the same manner. There are more flowers in deeper colors near the border and in both the flowers "trickle" out into a lower concentration and in lighter colors as they move away from the border. In the same area in which the flowers trickle out, there appear vines which alternate in the same two colors and have leaves attached to them in the same colors and occasionally in green. Both border designs contain a scroll-like curl which is repeated.

It is true that the designs are not identical. The flowers are shaped differently, the Allton design has more white per area unit than does the Lauratex design, and the borders contain different designs other than the scroll shape mentioned earlier. However, these changes in detail do not alter the overall effect which to an ordinary observer would appear to be identical to that of the Lauratex design.

Accordingly, we find that the Allton design was copied from the Lauratex Pattern # 36790 and that Allton has infringed Lauratex's copyright in that pattern.

## C. Relief

■ Lauratex's motion for a permanent injunction prohibiting defendants from copying Pattern # 36790 is granted.

■ Lauratex argues that damages should be assessed according to its own profit margin and Allton's sales of the infringing design. However, no evidence as to Allton's sales was introduced, although there was evidence generally establishing Lauratex's profit on this design.[3] Accordingly, it cannot be determined how much actual damage occurred to Lauratex as a result of Allton's infringement.

Lauratex also seeks $50,000. in statutory damages under 17 U.S.C. § 504(c)(2), which provides in relevant part:

"In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $50,-000."

■ We agree that statutory damages are appropriate in this case, not only because actual damages are difficult of ascertainment, *see, e. g., Lottie Joplin Thomas Trust v. Crown Publishers, Inc.,* 592 F.2d 651, 657 (2d Cir. 1978); *Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc.,* 329 F.2d 194, 196 (2d Cir. 1964), but because the copying here was willfully performed by the defendants. Moreover, it appears that Levine, through other of his corporations, has been a defendant to copyright infringement suits brought by converters ten times (including this action) in the last five years. Five of those actions were settled, two are still pending and two resulted in judgments in favor of the plaintiffs.[4] The inference is inescapable that Levine has made a practice of copying the designs of other converters, and that an award of statutory damages is appropriate as a deterrent to further activi-

---

**2.** It should be noted that Allton's design used the same colors as Lauratex's not once but twice. Each of two differently colored designs of Allton match precisely the colors in each of two of Lauratex's designs. Compare Plaintiff's Exhibit 3 with Plaintiff's Exhibit 8 and Plaintiff's Exhibit 7 with Defendants' Exhibit A.

**3.** Sander testified that it cost $5,000. to produce this design, but that Lauratex also spends $2–2½ million annually to produce 450–500 designs. Out of those designs only six have the

degree of success achieved by # 36790. Heaven agreed with these statements and testified that Lauratex sold the design for $2.15–2.60 per square yard (and in sheer material, from $2.10–2.60) and that a total of 650,000 yards have been printed, and all were sold.

**4.** Plaintiff's Exhibit 9 contains copies of the docket sheets of those cases brought in this court.

**904**

ty of this kind. Finally, Levine refused to testify at trial, and we find the excuse offered, that he did not feel well enough to take the stand, to have been a pretense, and draw a negative inference from his failure to testify.

However, Lauratex has offered no justification for the amount of $50,000. which it requests. Accordingly, statutory damages will be awarded in an amount to be determined upon further submission by Lauratex.

### D. Liability of Levine

█ An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement. *Gershwin Publishing Corporation v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1161–62 (2d Cir. 1971); *Shapiro, Bernstein & Co. v. H. L. Green Company*, 316 F.2d 304, 307 (2d Cir. 1963); *Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 456 F.Supp. 531, 537 (S.D. N.Y.1977), *aff'd*, 592 F.2d 651 (2d Cir. 1978); *Samet & Wells, Inc. v. Shalom Toy Co.*, 429 F.Supp. 895, 903–04 (E.D.N.Y.1977), *aff'd without opinion*, 578 F.2d 1369 (2d Cir. 1978).

█ It is stipulated that Levine was Allton's president and operating head and that as Allton's officer he prepared the design found here to be infringing, and sold fabric printed with that design. Pre-Trial Order, ¶¶ 5, 6. Accordingly, we find that Levine is individually liable because he had control over and a financial interest in the infringing activity and because he personally participated in that activity.

### E. Attorneys Fees

Lauratex seeks $10,000. in attorneys fees under 17 U.S.C. § 505.

█ It is particularly appropriate to award attorneys fees here. We have found that the copying was willful, and that it constituted a continuation of Levine's business practice over at least five years.

The determination of the actual amount of fees to be awarded revolves about a number of factors, including the amount of time spent on this case, "the amount of work necessary, the amount of work done, the skill employed, the monetary amount involved and the result achieved." *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 122 (2d Cir.), *cert. denied*, 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962); *see City of Detroit v. Grinnell Corporation*, 495 F.2d 448 (2d Cir. 1974). Since Lauratex has not submitted any evidence as to these matters, the amount of fees to be awarded will be determined upon further submission by Lauratex.

In sum, Allton and Levine are permanently enjoined from copying Lauratex's design and are jointly liable to Lauratex for statutory damages and attorneys fees in amounts to be determined.[5]

This opinion constitutes the court's finding of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

It is so ordered.

---

**5.** Lauratex argues that Levine should be held in contempt of court because of the statements he made in an affidavit filed in this case that neither Holland Fabrics Inc. nor he in his individual capacity prepared the fabric attached to the complaint. Lauratex argues that the statement is false because Levine is the president of Allton and Allton manufactured that fabric. While the statement was misleading, it was not inaccurate, since the material was not manufactured by Levine in his individual capacity. Consequently, we decline to hold Levine in contempt.