Oriana **FALLACI**, Plaintiff,

v.

The **NEW GAZETTE LITERARY CORP.**
**(d/b/a "New Gazette"), Defendant.**

82 Civ. 4977 (LBS).

United States District Court,
S.D. New York.

Aug. 12, 1983.

Findings of Fact and Conclusions
of Law July 14, 1983.

Sheldon Bunin, Weisman, Celler, Spett, Modlin & Wertheimer, New York City, for plaintiff.

Euger Ruben, Novaia Americana Gazeta, pro se.

## ENDORSEMENT

SAND, District Judge.

No objections having been filed, the Findings of Fact and Conclusions of Law, dated July 14, 1983, of U.S. Magistrate Naomi Reice Buchwald are hereby adopted by the Court. The Magistrate's opinion is set forth below.

SO ORDERED.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

NAOMI REICE BUCHWALD, United States Magistrate.

As part of the default judgment rendered in the above-captioned matter, you referred this matter to Magistrate Bernikow who thereafter assigned it to me for a determination of damages. Plaintiff seeks $50,000 in statutory damages for willful infringement of her copyright [1] and $3,500 in attorneys' fees. 17 U.S.C. §§ 504(c)(2), 505 (1976). Pursuant to my requests, the plaintiff has submitted a memorandum of law and an affidavit, dated July 5, 1983, in support of her claim for damages.

This action arises out of the defendant's unauthorized translation and publication of the plaintiff's interview with the Deputy Prime Minister of Poland, Mieczylaw Rakowski, entitled, "Even An Angel Can Become A Whore," which was first published in the Washington Post on February 21, 1982. Defendant published a Russian translation of the article, using plaintiff's name and a photograph of the plaintiff interviewing Deputy Prime Minister Ra-

kowski in its March 27-April 2, 1982 publication of the "New Gazette."

Under federal copyright law, a copyright owner may elect to recover actual damages and profits or statutory damages not less than $250 and not more than $10,000. 17 U.S.C. § 504. If the copyright owner elects to recover statutory damages and "sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $50,000." 17 U.S.C. § 504(c)(2). Professor Nimmer has noted that in this context " 'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement." 3 Nimmer on Copyright, § 14.04[B][3], at 14–27, 14–28 (1982).

 Plaintiff argues, and we agree, that as the publisher of a copyrighted newspaper,[2] the defendant was or should have been aware that its unauthorized republication of a Washington Post article constituted copyright infringement. Moreover, we draw a further inference of willfulness from the defendant's failure to appear and defend this action, especially in light of plaintiff's allegation of willfulness and demand for "increased statutory damages applicable to willful infringers." *See* Amended Complaint, ¶ 14, "wherefore clause." [3] *Compare Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 517 F.Supp. 900, 904 (S.D.N.Y. 1981) (where the court drew a negative inference from the defendant's failure to testify) *with Doehrer v. Caldwell,* 207 U.S. P.Q. 391 (N.D.Ill.1980) (where the court held that the defendant's default did not, of itself, establish willfulness). Accordingly, we conclude that plaintiff has met her burden of establishing a *prima facie* case of willful infringement.

**1.** The Washington Post is the original copyright owner of the article. Pursuant to agreement, however, plaintiff is the "owner of all right, title and interest in and to 'Even an Angel Can Become a Whore' except to provide said article to microfilm and electronic data base services which is retained by the Washington Post." Amended Complaint, ¶ 11.

**2.** Plaintiff's counsel has submitted a copy of the front page of the October 23–29 issue of defendant's newspaper which clearly indicates that it is copyrighted.

**3.** In addition, a copy of a letter from my chambers was sent to the defendant on May 5, 1983 indicating that plaintiff sought $3,500 in attorney's fees and $50,000 in statutory damages for willful infringement.

We now turn to the question of the amount of damages which should be assessed against the defendant and awarded to the plaintiff. In her affidavit, plaintiff states that non-exclusive republication rights to her articles are worth between $1,500 and $10,000 and that on the average she is paid $5,000 for such rights. Affidavit of Oriana Fallaci, sworn to July 5, 1983, ¶ 3. By her own estimation, the Russian translation and republication rights to this article would have been licensed for between $4,000 and $6,000. *Id.,* ¶ 5. Ms. Fallachi states, however, that she would never have granted translation and republication rights to the defendant whose newspaper is not, in her opinion, a prestigious publication. Moreover, she claims that due to the defendant's "incompetent, inartful and slipshod translation" of her article, her reputation as a writer has been tarnished at least within the Russian community in New York City. *Id.,* ¶ 5.

We note that there is a dearth of authority on the standards for awarding damages to the victims of willful infringements. In assessing damages for copyright infringement, courts have considered the fair market value of the rights infringed, *Quinto v. Legal Times of Washington,* 511 F.Supp. 579, 582 (D.D.C.1981), the expenses saved and profits reaped by the defendant in connection with the infringement, the revenues lost by the plaintiff, *Boz Scaggs Music v. KWD Corp.,* 491 F.Supp. 908, 914 (D.Conn. 1980), and the infringer's state of mind. *Id. See also Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1296 (D.R.I.1982). In *Lauratex Textile Corp. v. Allton Knitting Mills,* 517 F.Supp. 900, 903–4 (S.D.N.Y.1981), where the defendant "made a practice of copying the designs of other[s]," the court held that "an award of statutory damages

is appropriate as a deterrent to further activity of this kind." In a case involving the same parties, the court noted that the infringer had been a defendant in six copyright infringement actions in the previous three years and concluded that the "business of encroaching others' copyrights [was] not unfamiliar to the defendant." The plaintiff was then awarded $40,000 in statutory damages, approximately eight times its actual damages. *Lauratex Textile Corp. v. Allton Knitting Mills,* 519 F.Supp. 730, 733 (S.D.N.Y.1981). *See also Hospital for Sick Children v. Melody Fare Dinner Theatre,* 516 F.Supp. 67, 72–73 (E.D.Va.1980) (assessing $10,000 in damages against a willful infringer of "Peter Pan").[4]

■ We find that the fair market value of the Russian language translation and non-exclusive republication rights to this article was $5,000. A willful infringer, however, should be liable for a substantial amount over and above the market value of a legitimate license for otherwise infringers would be encouraged to willfully violate the law knowing the full extent of their liability would not exceed what they would have to pay for a license on the open market. Under the circumstances of this case, we find that double the value of the republication rights is a reasonable deterrent. Accordingly, we respectfully recommend that plaintiff be awarded a judgment in the amount of $10,000.

■ Turning to the request for attorney's fees, plaintiff has made an application for $3,500 representing twenty-five hours of compensable time at an hourly rate of $140. Given the willful infringement of plaintiff's copyright we find that this is an appropriate case for the award of attorney's fees. *Lauratex, supra,* 519 F.Supp. at 734; *Lau-*

4. *See also* cases decided under 17 U.S.C. § 504(c)(1): *Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1296–97 (D.R.I.1982) (where the court assessed $625 per infringement or a total of $5,000, against a tavern owner for public performances of copyrighted musical compositions); *Quinto v. Legal Times of Washington,* 511 F.Supp. 579, 582 (D.D.C.1981) (where the court awarded the minimum $250 for republication of a student's article); *George Simon,*

*Inc. v. Spatz,* 492 F.Supp. 836 (W.D.Wis.1980) (where the court assessed double the minimum statutory amount, $500 per infringement for a total of $3,500 against a tavern owner for live performances of copyrighted works); *Boz Scaggs Music v. KWD Corp.,* 491 F.Supp. 908, 914–15 (D.Conn.1980) (where the court assessed $1,000 per infringement for a total of $23,000 against a radio station which broadcasted copyrighted musical compositions).

*ratex, supra,* 517 F.Supp. at 904. Plaintiff's counsel has submitted contemporaneous time sheets showing the number of hours he and another lawyer spent on this case. Plaintiff's fee application is for an amount substantially less than the total number of hours actually expended. After an independent review of the record, we find plaintiff's request to be reasonable and accordingly, we recommend an award of $3,500 in attorney's fees.