**KENBROOKE FABRICS, INC., Plaintiff,**

v.

**HOLLAND FABRICS, INC., Defendant.**

**No. Civ. 7540 (DNE).**

United States District Court, S.D. New York.

Nov. 20, 1984.

Lester A. Lazarus, P.C., New York City, for plaintiff; Harlan M. Lazarus, New York City, of counsel.

Fogel, Spiegler & Feingertz, New York City, for defendant; Martin W. Fogel, New York City, of counsel.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiff Kenbrooke Fabrics, Inc. ("Kenbrooke") brought this action for infringement of copyright pursuant to 17 U.S.C. §§ 501–505, 509. Jurisdiction arises under 28 U.S.C. § 1338.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Kenbrooke and defendant Holland Fabrics, Inc. ("Holland") are converters of textiles. This action involves Kenbrooke pattern number 1123 and Holland pattern number 494. Both patterns are so-called "double floral border" patterns, in other words, a floral pattern appears on both edges of the fabric. In the center of both patterns is a small field of flowers. Plain-tiff seeks to enjoin defendant from infringing plaintiff's copyright, to recover damages sustained as a consequence of defendant's infringement and to pay the costs of the action together with attorney's fees.

## LIABILITY

■ In order to prevail in a copyright action, plaintiff must establish ownership of a valid copyright by plaintiff and copying by the defendant. *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2d Cir.1977). Plaintiff has asserted that pattern 1123 was copyrighted and a Certificate of Registration dated November 15, 1982 and identified as VA 112–460 was accepted in evidence at trial.

■ The copyright registration constitutes prima facie evidence of the ownership of the copyright. *Id.* at n. 1; *Pret-A-Printee, Ltd. v. Alton Knitting Mills, Inc.*, 218 U.S.P.Q. (BNA) 150, 151 (S.D.N.Y.1982). Defendant challenged the validity of the copyright based on an alleged incorrect date of publication on the certificate. The date of first publication stated on the registration is October 1, 1982. Defendant produced evidence which placed the accuracy of this date in question. The earliest date of publication was October 23, 1984. Record at 57. Plaintiff established that the latest date of first publication was November 3, 1982, the date of the first sample sale of the fabric. Record at 24. An error in the registration regarding the date of first publication, however, does not invalidate the copyright, *Advisers, Inc. v. Wiesen-Hart, Inc.*, 238 F.2d 706, 708 (6th Cir. 1956) (per curiam); *United States v. Backer*, 134 F.2d 533, 535–36 (2d Cir.1943); 2 M. Nimmer, Nimmer on Copyright § 7.20, at 7–149 (1984), absent a showing of fraud, *Advisers, Inc., supra*, 238 F.2d at 708; *Russ Berrie & Co. v. Jerry Elsner Co., Inc.*, 482 F.Supp. 980, 988 (S.D.N.Y.1980). Therefore, plaintiff's copyright certificate is accepted as valid and thus constitutes prima facie evidence of ownership.[1]

---

**1.** 17 U.S.C. § 408(d) provides for the filing of an application for supplementary registration to correct an error in the copyright registration.

The statute states that the information contained in a supplementary registration augments but does not supercede that contained in

In addition to showing ownership of a valid copyright, plaintiff also must establish copying by defendant. Copying is generally proven by showing: (1) that defendant had access to plaintiff's design; and (2) that the defendant's design is substantially similar to plaintiff's design. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2d Cir.1977); *Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, 218 U.S.P.Q. (BNA) 150, 151 (S.D.N.Y.1982).

In order to establish access, plaintiff need prove only that the defendant had an opportunity to see plaintiff's work. *Musto v. Meyer*, 196 U.S.P.Q. (BNA) 820, 821 (S.D.N.Y.1977); *see Midway Mfg. Co. v. Bandai-America, Inc.*, 546 F.Supp. 125, 146 (D.N.J.1982). At trial, defendant's president, Martin Levine, testified that he saw plaintiff's design in May 1983. Record at 104. This testimony, however, was not consistent with Mr. Levine's deposition testimony where he stated that he had not seen plaintiff's design prior to being served with the summons in this action. Record at 128. This direct conflict between Mr. Levine's trial and deposition testimony casts doubt on the witness's credibility and the weight to be accorded his testimony. The conflict in the testimony results in some uncertainty regarding when Mr. Levine, in fact, first saw plaintiff's design. This factual uncertainty, however, is not fatal to plaintiff's claim. The exact date of Mr. Levine's viewing of the design need not be established. All that is needed to establish "access" is the *opportunity* to see the work. Plaintiff's design was in possession of some of Holland's customers and Mr. Levine admits to having viewed the design. Thus, Mr. Levine clearly had such an opportunity to see the work, and in fact, at some point, did see plaintiff's design.

Plaintiff also must establish that defendant's design is "substantially similar" to plaintiff's design. The test for "substantial similarity" is whether an ordinary observer would regard the aesthetic appeal of the two designs as the same. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 (2d Cir.1977); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir.1960). A great deal of testimony, in painstaking detail, was presented at trial regarding the similarities and differences between plaintiff's and defendant's design. These witnesses were all involved in the textile industry. This detailed testimony was not necessary. The court has had an opportunity to view the fabrics and it is clear that defendant's design is substantially similar to plaintiff's design and, in fact, to the eye's of a lay observer are almost identical.[2]

Defendant presented evidence of the independent creation of the Holland design, which, if accepted, may overcome the finding of similarity. *Ideal Toy Corp. v. Kenner Prods. Div. of Gen. Mills Fun Group, Inc.*, 197 U.S.P.Q. (BNA) 738, 749 (S.D.N.Y.1977). Mr. Levine testified that he purchased the design from a design studio in New York. Record at 99. The president of the design studio then testified

the basic registration. The basic registration will not be expunged or cancelled. Thus, even if plaintiff was to amend the original copyright now, the copyright would be valid and support an infringement action.

2. The two designs use a floral border running down the fabric on both sides parallel to the selvage. Both fabrics also contain small flowers in the area between the floral borders in what is called the "field." The similarity between the two is obvious.

There are also certain apparent differences between the two designs. Record at 79–84. The details of the flowers making up the border are different. Further, plaintiff's design was described as "more stylized." Record at 83. However, these differences are so slight, the dissimilarities so insubstantial, that while they ensure that the patterns are not identical, they do not negate the substantial similarity.

The court notes that findings such as this regarding similarity of fabric design by a district court have often been reversed on appeal. *See, e.g., Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093–94 (2d Cir.1977) (reversing district court finding of no substantial similarity); *Soptra Fabrics, Corp. v. Stafford Knitting Mills, Inc.*, 490 F.2d 1092, 1093–94 (2d Cir.1974) (same). All that can be said is that "[similarity] is in the eye of the beholder." Margaret Wolfe Hungerford, Molly Bawn (1878).

that the Holland pattern 494 was the design sold to Holland. A bill was introduced into evidence reflecting a sale of a design from the design firm to Holland.

■ Facts brought to light by the testimony of both of these witnesses cast substantial doubt on the credibility of their testimony. First, the artwork relating to the design could not be produced by either Mr. Levine, Record at 101, or the president of the design firm, Record at 145. Thus, there is no objective proof that the design attributed to the design firm and reflected in the bill of sale was in fact Holland pattern 494.

Further, the president of the design firm testified that he had met with Mr. Levine the day before trial because he "wanted to know what this is all about." Record at 153. At this meeting the president of the design firm asked Mr. Levine what pattern was involved in the suit and was told that it was Holland design number 494. At trial, the design firm president testified that he knew that the allegedly infringing pattern was the design that he sold to Holland because he "recognize[d] it." Record at 140. The testimony regarding the meeting with Mr. Levine certainly affects the design firm president's credibility. The court specifically questions the accuracy of the testimony relating to the events surrounding the creation and sale of the design that took place over three years ago. Finally, the court doubts that the design firm's president could associate Holland design 494 with the design reflected by the bill of sale to Holland without the "refreshing of recollection" provided by the eve-of-trial meeting with Mr. Levine.

The court finds that there is no credible objective evidence of independent creation to rebut the finding of substantial similarity.[3] Therefore, plaintiff has proved copyright infringement by defendant and defendant is hereby enjoined from further infringement of plaintiff's copyright of pattern 1123.

## DAMAGES AND ATTORNEYS' FEES

■ Kenbrooke seeks statutory damages and attorneys' fees as provided by 17 U.S.C. §§ 504, 505. Statutory damages are appropriate where the measure of actual damages is difficult to ascertain. *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F.Supp. 900, 903 (S.D.N.Y. 1981). Actual damages are usually measured in terms of lost profit. In this case, the effect of defendant's infringement on plaintiff's sales is difficult to determine. Plaintiff had a successful sampling of their pattern, Record at 68, however, the sale of stock goods was not successful. Record at 69–70. The effect of defendant's design on plaintiff's sales cannot be measured easily. Statutory damages provide an acceptable alternative.

■ Statutory damages are also appropriate where the copying was willful. The court finds that the copying in this case was willful. This is based on the high degree of similarity between the two designs which could only be attributable to copying, the fact that Mr. Levine did not attempt to copyright his design, *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F.Supp. 730, 733 (S.D.N.Y.1981), the lack of candor of Mr. Levine during his testimony, *see Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F.Supp. 900, 904 (S.D.N.Y.1981), as well as the "unavoidable inference ... that Mr. Levine has built a business based on deliberate infringement of the copyrights of other converters." *Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, 218 U.S.P.Q. (BNA) 150, 153 (S.D.N.Y.1982).

■ Turning to the amount of the statutory damages. Plaintiff requests $50,000, the maximum allowed by the statute. As noted, Mr. Levine and his corporate alter egos have been involved in a number of copyright infringement actions. In fact, it

---

**3.** A claim of independent creation is not new for Mr. Levine. This claim has been made and rejected in other suits for copyright infringement brought against Mr. Levine and his corporate alter egos. *See, e.g., Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, 218 U.S.P.Q. (BNA) 150, 152 (S.D.N.Y.1982); *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F.Supp. 730, 732 (S.D.N.Y.1980).

may be said without much exaggeration that Mr. Levine has had the unique opportunity to shape the law relating to textile copyright in this district. In a prior action, the court ordered Mr. Levine and the corporate defendant to pay $30,000 in statutory damages. *Pret-A-Printee, Ltd., supra,* at 154. The leniency in that case was based on the fact that the defendants had not been involved in any new litigation during the previous two years and the belief that "the defendants may be feeling the effects of previous statutory damage awards...." *Id.* This leniency was apparently misplaced. Mr. Levine has been involved in at least two other suits since that decision was rendered in addition to the instant action. *See Delman Fabrics v. Holland Fabrics,* No. 84 Civ. 2512 (CSH) (S.D.N.Y. filed Apr. 9, 1984); *Lenfield Fabrics v. Holland Fabrics,* No. 83 Civ. 7541 (WCC) (S.D.N.Y. filed Oct. 14, 1983). In order to attempt to deter the defendant from future violations, the court determines that $50,-000 in statutory damages should be awarded. The defendant cannot be permitted to continue as one of the "bad boys" of the textile industry.

 Finally, plaintiff seeks attorneys' fees in the amount of $8,062.50.[4] The award of attorneys' fees is within the discretion of the court and serves the purpose of the Copyright Act to compensate the plaintiff and deter future violations by the defendant. *See Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 915 (D.Conn. 1980). The fee requested is reasonable considering "the amount of time spent on this case, 'the amount of work necessary, the amount of work done, the skill employed, the monetary amount involved and the result achieved.'" *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 517 F.Supp. 900, 904 (S.D.N.Y.1981) (quoting *Orgel v. Clark Boardman Co.,* 301 F.2d 119, 122 (2d Cir.), *cert. denied,* 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962)). The plaintiff is therefore awarded attorneys' fees in the amount of $8,062.50.

## CONCLUSION

Defendant is found to have infringed plaintiff's copyright. Defendant is hereby enjoined from further infringements of plaintiff's pattern 1123. Plaintiff is awarded statutory damages in the amount of $50,000 and attorneys' fees in the amount of $8,062.50.

SO ORDERED.

---

4. This figure was submitted by plaintiff and was broken down as follows:

| Item | No. of Hrs. |
|---|---|
| Preparation of Order to Show Cause, TRO and Summons and Complaint | 3.50 |
| Filing of Order to Show Cause, TRO, Summons and Complaint, correspondence and phone calls | 2.25 |
| Correspondence and phone calls | .50 |
| Preparation of Consent Preliminary Injunction correspondence and phone calls | 1.50 |
| Correspondence and phone calls | .25 |
| Correspondence, phone calls and preparation of notice to take examinations | 1.00 |
| Correspondence and revision of notice | .25 |
| Review of file, preparation for examination before trial and examination before trial | 4.50 |
| Correspondence, phone calls, preparation of consent order releasing security | .75 |
| Correspondence, stipulation and phone calls | .50 |
| Correspondence and phone calls | .50 |
| Preparation of Joint Pre-trial Order, review of file, correspondence and phone calls | 3.50 |
| Revision of pre-trial order, correspondence and phone calls | 2.50 |
| Phone calls and correspondence | 1.00 |
| Revision of pre-trial order, phone calls and meeting with defendant's counsel | 5.50 |
| Preparation for trial | 8.50 |
| Preparation for trial and trial | 8.50 |
| Review of trial transcript, file and preparation of Post-Trial Memorandum | 12.50 |

Total hours at $125 per hour = 22.50; Total hours at $150 per hour = 35. The total fee was $8,062.50.