Vincent BLY

v.

BANBURY BOOKS, INC. and Acorn Software Products, A Division of Banbury Books, Inc.

Civ. A. No. 84–6278.

United States District Court, E.D. Pennsylvania.

June 30, 1986.

Nicholas S. Lippincott, Media, Pa., Ronald R. Snider, Washington, D.C., Lippincott & Snider, for plaintiff.

David I. Grunfeld, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff in this copyright infringement action has moved for summary judgment. In conjunction with this motion, plaintiff requests that statutory damages be assessed and that he be awarded the costs and attorney's fees incurred in prosecuting this action.

Defendant has conceded that, under the theory of liability advanced by plaintiff, its unauthorized use of plaintiff's copyrighted computer program constituted an infringement. Defendant's willingness to concede liability appears to be based on its belief that the amount of damages properly assessed for the infringement at issue is minimal. Plaintiff, in contrast, contends that he is entitled to damages of $50,000, which is the maximum amount a court may award under the statutory damages provision of the Copyrights Act. *See* 17 U.S.C. § 504(c). Because my assessment of statutory damages depends in large part on the facts underlying plaintiff's claim of infringement, I will summarize plaintiff's theory of liability before discussing the damages to be assessed.

### I.

Plaintiff seeks damages for defendant's infringement of Finefont, a computer program authored by plaintiff. As plaintiff describes it, the Finefont program causes a dot matrix printer to produce a higher quality typeface than that obtained by using conventional dot matrix program controls. The crux of plaintiff's claim is that, without authorization from plaintiff, defendant placed the Finefont master disk or a copy thereof into a computer, and produced some correspondence to plaintiff and copy for three advertisements which were placed by defendant in a trade journal. To clarify, plaintiff's claim is not that defendant reproduced the copyrighted Finefont program in the correspondence or advertisements, but

rather that it used the Finefont program to control a dot matrix printer, thereby causing the text of the correspondence and advertising copy to be printed in the distinctive Finefont typeface.

Defendant does not dispute that its employees used the Finefont program in the above-described manner, nor does it contend that plaintiff authorized this use. While defendant had acquired a contract pursuant to which plaintiff granted a license to reproduce and sell the Finefont program in exchange for royalties on any sales made, defendant does not argue that the use in question was permissible under that contract. Moreover, it is undisputed that, at the time the advertisements at issue were published, the contract was no longer in effect. Defendant had, before the advertisements were published, informed plaintiff that it was not interested in marketing the Finefont program, and plaintiff had requested that defendant immediately return the Finefont master disk and all copies thereof. Defendant admits that it did not return the Finefont master disk and copies of the Finefont program in its possession until after the advertisements at issue were published.

Plaintiff's theory of liability is that defendant's placement of a diskette containing the Finefont program into a computer, which defendant concededly must have done in order to produce the correspondence and advertising copy heretofore described, constituted an infringement of his copyright. As I understand plaintiff's theory, the infringement lies in the fact that using a diskette to control the operation of a computer necessarily entails loading the program from the diskette into the computer's memory. Plaintiff relies on cases which state that loading a program into a computer's memory involves making a copy and therefore constitutes an infringement of a copyright on the program. *See Williams Electronics, Inc. v. Artic International, Inc.*, 685 F.2d 870, 876–77 (3d Cir. 1982); *Micro-Sparc, Inc. v. Amtype Corp.*, 592 F.Supp. 33, 34–35 (D.Mass.1984); *see also Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1249 (3d Cir.1983), *cert. dismissed*, 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984).

I note that none of the cases relied upon by plaintiff predicates liability solely upon unauthorized use of a copyrighted computer program. *See Williams*, 685 F.2d at 873, 876–77 (defendant did not dispute that it sold copies of plaintiff's computer program; issue was the copyrightability of an object code program); *Micro-Sparc*, 592 F.Supp. at 34–35 (defendant engaged in selling copies of plaintiff's programs; issue was whether defendant's activities were within the exemption of 17 U.S.C. § 117). However, defendant's concession of liability makes it unnecessary for me to decide this issue. For purposes of assessing statutory damages, it is important only that defendant's conceded infringement consisted of loading a diskette containing plaintiff's program into a computer, thereby placing a copy of the program into the computer's memory for some unidentified period of time, and using the program to print correspondence and advertising copy in the Finefont typeface. Plaintiff does not contend that defendant's infringement involved making multiple copies which were or might have been sold or otherwise distributed by defendant for its pecuniary benefit.

II.

Initially, I will address the parties' arguments as to the evidentiary basis required for a court to assess statutory damages. In its brief in opposition to plaintiff's motion for summary judgment, defendant argued that damages should not be awarded without testimony or other proof of losses to plaintiff or gains to defendant resulting from defendant's infringement. Plaintiff argued that such proof was not relevant because he had elected statutory damages.

Both arguments are correct to some extent. A district court has very broad discretion in assessing statutory damages. *See Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S.Ct. 365, 366, 79 L.Ed. 862 (1935) (within statutory limits, determina-

tion of statutory damages is committed solely to the discretion of the trial court). There are, however, procedural requirements. At least two courts of appeal have held that a district court must either hold a hearing or have before it sufficient affidavit evidence to afford an adequate basis for its judgment. *See Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 3 (1st Cir.1983); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979) (per curiam). While this evidence need not include proof of actual damages and profits, *see* H.R.Rep. No. 1476, 94th Cong., 2d Sess. 161, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5659, 5777, actual damages and profits are certainly not irrelevant. *See id.; see also infra* p. 987.

I conclude that I have enough evidence before me to determine the just amount of statutory damages to be awarded. Because plaintiff argued against submitting any further proof, I can only assume that he wishes to rest on the evidence he submitted in support of his motion for summary judgment. Defendant's argument that further proof is necessary has been obviated by plaintiff's concession at oral argument that his damages are "at best nominal." Therefore, I will proceed to an assessment of statutory damages.

The Copyrights Act provides that an award of statutory damages may be made by a court "in a sum of not less than $250 or more than $10,000 as the court considers just." 17 U.S.C. § 504(c)(1). In addition, "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $50,000." *Id.* § 504(c)(2). Plaintiff maintains that he is entitled to an award of $50,000 because the infringement at issue was willful.

■ Neither the Act nor its legislative history defines willfulness. However, commentators and courts have defined willfulness under the Copyrights Act as "with knowledge that the defendant's conduct

constitutes copyright infringement." 3 M. Nimmer, *Nimmer on Copyright* § 14.-04[B][3] (1985); *see also, e.g., RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 859 (S.D.N.Y.1984). A defendant's knowledge need not be proven directly but may be inferred from the defendant's conduct. *See, e.g., Fallaci v. New Gazette Literary Corp.*, 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983); *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F.Supp. 730, 733 (S.D.N.Y.1981).

■ Plaintiff has submitted no direct evidence that defendant knew its conduct constituted copyright infringement. In support of his contention that defendant's infringement was willful, plaintiff makes three arguments. First, he points to the undisputed fact that defendant was on notice that plaintiff's program was copyrighted. Second, he argues that his request to defendant that it return the Finefont master disk and any copies thereof put defendant on notice that, if it ever had a right to copy and/or use plaintiff's program, that right no longer existed. Third, he argues that, because defendant is a publisher, it should be held to a high standard of copyright observance.

These factors might be sufficient to infer willfulness had defendant copied plaintiff's program in a manner likely to harm plaintiff and/or benefit defendant. *Cf. id.* However, the only copying of his work that plaintiff has established is that by defendant's act of placing the Finefont diskette in a computer, a copy was made into the computer's memory. Plaintiff has not submitted any evidence suggesting that defendant was cognizant that its conduct created a copy of the program in the computer's memory, let alone any evidence suggesting that defendant knew or should have known that its conduct constituted copyright infringement. Moreover, there is not a shred of evidence suggesting that defendant placed the Finefont diskette in a computer for any reason other than to obtain a certain typeface on some correspondence and advertising copy. I simply cannot infer from the evidence before me that

defendant acted with knowledge that by its unauthorized use of plaintiff's program for these limited purposes, it was infringing plaintiff's copyright. Therefore, I conclude that plaintiff has not met his burden of establishing that defendant's infringement was willful.

■ Accordingly, I must assess statutory damages within the range of $250 to $10,000 as I deem just. Plaintiff argues that defendant's use of his program was cavalier, and therefore that statutory damages of $10,000 should be awarded to deter defendant and other potential infringers from using copyrighted computer programs without authorization.

■ I disagree with plaintiff's argument for a number of reasons. While defendant's conduct may have been cavalier, it is hardly in the same league as the outrageous conduct described in the cases cited by plaintiff in his brief, *see, e.g., Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, 218 U.S.P.Q. (BNA) 150, 153 (S.D.N.Y. 1982), and in most of the numerous additional copyright cases that I have read in preparing this opinion. Moreover, although I agree with plaintiff that deterrence is a factor properly considered in assessing statutory damages, *see, e.g., F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S.Ct. 222, 225, 97 L.Ed. 276 (1952); *Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651, 657 (2d Cir.1978), I find no support for plaintiff's implicit argument that maximum damages are warranted whenever a court deems deterrence a proper objective. *See* H.R.Rep. No. 1476, 94th Cong., 2d Sess. 163 (stating that the $100 floor of damages in the "innocent infringer" provision of the Copyrights Act, 17 U.S.C. § 504(c)(2), preserves the Act's intended deterrent effect).

Most importantly, plaintiff's argument overlooks the fact that deterrence is not the sole factor properly considered in assessing statutory damages. At least equally important is compensating plaintiffs who have been injured by a defendant's infringement, particularly when actual damages and profits are difficult to prove. *See, e.g., Douglas*, 294 U.S. at 209, 55 S.Ct. at 365. While it is clear that to require a plaintiff to adduce specific proof of actual damages or profits would contravene the purpose of the statutory damages provision, *see, e.g., id.; F.W. Woolworth*, 344 U.S. at 232–33, 73 S.Ct. at 225, this does not mean that it is irrelevant whether and to what extent a plaintiff has been harmed by a defendant's infringement. To the contrary, numerous courts have held that assessed statutory damages should bear some relation to the actual damages suffered. *E.g., Association of American Medical Colleges v. Mikaelian*, No. 83–2745, slip op. at 38 (E.D.Pa. Mar. 17, 1986) [Available on WESTLAW, DCTU database], *appeal dismissed*, No. 86–1245 (3d Cir. May 28, 1986); *RSO Records*, 596 F.Supp. at 862; *M.S.R. Imports, Inc. v. R.E. Greenspan Co.*, 220 U.S.P.Q. (BNA) 361, 373 (E.D.Pa.1983).

Although plaintiff argues strenuously that he is entitled to a maximum award of statutory damages, he cites no case in which a court has exercised the discretion conferred upon it by the Copyrights Act to award maximum statutory damages when the plaintiff has suffered no harm. On the other hand, courts have held that minimum statutory damages should be assessed when a plaintiff has sustained minimal, if any, damages. *See, e.g., Quinto v. Legal Times of Washington, Inc.*, 511 F.Supp. 579, 582 (D.D.C.1981); *Doehrer v. Caldwell*, 207 U.S.P.Q. (BNA) 391, 393 (N.D.Ill. 1980); *cf. MCA, Inc. v. Wilson*, 677 F.2d 180, 187 (2d Cir.1981) (reversing award of statutory damages for conduct which "hardly amounted to an infringement" and which could not conceivably have injured the plaintiff). Moreover, the legislative history of the Copyrights Act, while not entirely clear on this point, seems to contemplate that when a plaintiff does not establish that any damage has resulted from an infringement, the minimum amount of $250 will be awarded. *See* H.R. Rep. No. 1476, 94th Cong., 2d Sess. 161 U.S.Code Cong. & Admin.News 1976 p.

5777 ("the plaintiff in an infringement suit is not obliged to submit proof of damages and profits and may choose to rely on the provision for minimum statutory damages").

Even putting aside the legislative history's rather cryptic reference to minimum statutory damages, nothing in this case convinces me that an award above the $250 statutory minimum is just. As plaintiff admits that his damages were nominal at best, the minimum award will more than compensate him for any pecuniary harm inflicted by defendant's infringement. And, while it is axiomatic that a $10,000 award would be a more significant deterrent than a $250 one, it is equally clear that Congress believed that statutory damages of $250 would in some cases sufficiently fulfill the Act's compensatory and deterrent purposes. Accordingly, I will assess statutory damages in the amount of $250.

### III.

Plaintiff has requested an award of costs and attorney's fees pursuant to section 505 of the Copyrights Act. 17 U.S.C. § 505. He has submitted a document showing that, by his calculations, the costs and attorney's fees incurred in prosecuting this action total $8,620.60. Defendant has not opposed any particular item of costs or fees, but contends generally that plaintiff may not be entitled to attorney's fees because his counsel's efforts were disproportionate to the value of this case.

Initially, I note that some of the fees requested by plaintiff are plainly not allowable. Plaintiff requests compensation for time spent by an attorney on contractual matters related to Finefont. Clearly, this relates tangentially, if at all, to plaintiff's copyright infringement claim, and it is improper for plaintiff to seek compensation for those services in this action. In addition, plaintiff has in two instances twice included in his itemization a bill for services performed by local counsel.

However, even in light of these problems, I find it unnecessary to parse plaintiff's attorney's fee request item by item.

It appears that plaintiff has sufficiently documented allowable attorney's fees in excess of $5,000. The pertinent questions are whether fees should be allowed at all, and if so, whether the amount requested by plaintiff is reasonable under the circumstances. *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 155–56 (3d Cir.1986).

█ I deem it proper to allow attorney's fees in this case. That the statutory damages assessed are minimal does not preclude an award of attorney's fees. *See Quinto*, 511 F.Supp. at 582. To preclude an award of attorney's fees in such cases would abrogate the Act's compensatory and deterrent purposes, as a plaintiff with only nominal damages would incur substantial but unrecoverable attorney's fees in vindicating his rights. *Cf. Douglas*, 294 U.S. at 209, 55 S.Ct. at 365 (criticizing old copyright law because "plaintiffs, though proving infringement, were able to recover only nominal damages, in spite of the fact that preparation and trial of the case imposed substantial expense and inconvenience"); *Lieb*, 788 F.2d at 156 (in assessing attorney's fees, a district court may consider the need to advance considerations of compensation and deterrence). Moreover, in this case, defendant put plaintiff to the task of attempting to establish its liability on summary judgment, even though it was apparently willing to concede the infringement.

On the other hand, I conclude that attorney's fees in excess of $5,000 are unreasonable under the circumstances. In light of the numerous cases which uncontrovertedly hold that assessed statutory damages should bear some relation to actual damages and plaintiff's concession that his damages were at best nominal, I fail to see how plaintiff and/or his counsel could have concluded that it was reasonable to spend over $5,000 prosecuting this case. I will award attorney's fees of $2,500, an amount I consider appropriate based on the circumstances in this case. *See id.* (amount of damages a proper consideration in determining the reasonable amount of attorney's fees).

■ Plaintiff requests costs totaling $336.26. As with the fees requested, some of these costs are plainly not allowable. For example, plaintiff requests reimbursement for registering his program with the Copyright Office. Clearly, this is not properly considered a cost of prosecuting this action for copyright infringement. Plaintiff also requests compensation for a number of items, *e.g.*, postage, telephone calls and attorney travel, which are generally considered noncompensable operating or overhead expenses. *See Vecchione v. Wohlgemuth*, 481 F.Supp. 776, 798–800 (E.D.Pa.1979). Plaintiff cites no cases holding that expenses such as these are compensable under the Copyrights Act, and therefore I will not allow them.[1] I will award costs of $97.80, which represents fees for filing the complaint and effecting service.

An appropriate order will be entered.

---

1. Some of plaintiff's expenses are for photocopying, which may be an allowable cost. *See Vecchione*, 481 F.Supp. at 800 n. 21; *Blendingwell Music, Inc. v. Moor-Law, Inc.*, 612 F.Supp. 474, 487 (D.Del.1985). However, as the photocopying expenses are not separately itemized but included with other general operating expenses, I cannot determine what amount would be allowable.