**FONAR CORPORATION, Plaintiff–Counter–Defendant–Appellant,**

v.

**Robert DOMENICK, Magnetic Resonance Plus, Inc., Defendants–Counter–Claimants–Appellees.**

No. 699, Docket 96–7919.

United States Court of Appeals, Second Circuit.

Argued Dec. 6, 1996.

Decided Jan. 21, 1997.

Steven L. Holley, New York City (D. Stuart Meiklejohn, Marc De Leeuw, Sullivan & Cromwell, New York City, on the brief), for Plaintiff–Counter–Defendant–Appellant.

Ronald S. Katz, San Francisco, CA (Janet Arnold Hart, Coudert Brothers, San Francisco, CA, Stephen M. Hudspeth, Lateef Mtima, Coudert Brothers, New York City, on the brief), for Defendants–Counter–Claimants–Appellees.

Before: VAN GRAAFEILAND, JACOBS and CALABRESI, Circuit Judges.

JACOBS, Circuit Judge:

Appellant Fonar Corporation ("Fonar"), a manufacturer of magnetic resonance imaging ("MRI") scanners, has created software that Fonar's service people use to maintain the machines in good working order. Fonar alleges that Magnetic Resonance Plus ("MR Plus"), a company that services and maintains MRIs, has committed copyright infringement (and otherwise violated Fonar's rights) by using Fonar's software to service Fonar-manufactured MRIs. It is undisputed that Fonar's software was accepted for filing by the United States Copyright Office and that a certificate of copyright registration was issued. It is also undisputed for present

purposes that MR Plus has copied Fonar's software in whole.

Fonar appeals the grant of summary judgment in favor of MR Plus on Fonar's claims for copyright infringement and unfair competition. The district court determined that Fonar failed to comply with applicable regulations in registering the copyright and that the certificate of copyright registration therefore does not carry the ordinary presumption of copyright validity. The district court also concluded that Fonar's definition of its maintenance software is inconsistent, incomplete, and uninformative, and is therefore insufficient to establish that the work is copyrightable or to serve as the basis of a copyright action.

We conclude that the district court improperly refused to employ the ordinary presumption of prima facie validity that attaches to a certificate of copyright registration. In light of that presumption, and the wholesale copying of the software, the grant of summary judgment is unsustainable. We vacate the order and judgment and remand for further proceedings consistent with this opinion.

## BACKGROUND

Fonar manufactures, markets, and repairs MRI scanners, sophisticated machines that are controlled by complex electronic circuitry. Fonar has developed computer software to assist its field service technicians in servicing, calibrating, and repairing MRI scanners made by Fonar.

This "Maintenance Software" is installed at each customer site; but pursuant to Fonar's contracts with its customers, only Fonar employees are allowed access to the software. The complaint defines maintenance software as:

> [S]oftware used in or with the system to aid in its installation, maintenance or repair, and includes all software other than operational software. Maintenance software includes but is not limited to "diagnostic and maintenance software," "field engineering utilities software" and "editors and utilities software."

Fonar received a Copyright Registration from the United States Copyright Office for the maintenance software in July 1991. As indicated in the Copyright Registration, the software consists of three modules called "Editors and Utilities," "Diagnostics," and "Field Engineering Utilities." The modules are grouped and identified by function, and when activated, the modules perform various service functions, several of which require interaction between the modules.

MR Plus is an independent service organization, which means that it maintains (but does not manufacture) certain types of equipment. It operates nationwide, and among the machines it services are certain models of MRI scanners made by various manufacturers including Fonar. Defendant Robert Domenick is the sole shareholder and president of MR Plus. (We refer to the defendants collectively as MR Plus.)

Fonar brought this action on April 1, 1993, alleging that MR Plus willfully infringed Fonar's maintenance software copyright by copying, reproducing, selling, and/or offering it for sale. Fonar also alleged that MR Plus engaged in unfair competition and trade secret misappropriation through the use and copying of the software and schematic diagrams. MR Plus has interposed counterclaims alleging antitrust violations, as well as unfair competition, trade libel, and tortious interference with prospective economic advantage.

After completion of discovery and submission of a proposed joint pretrial order, MR Plus filed a motion *in limine* seeking to dismiss Fonar's copyright infringement claims on the ground that Fonar had failed to describe and define the maintenance software with sufficient particularity to support a claim for infringement. Oral argument was heard on November 16, 1995. On November 28, the district court converted the motion into one for summary judgment, directing submission of additional papers. On March 27, 1996, the court granted summary judgment, dismissing Fonar's copyright infringement claims and the related unfair competition claims.

After reviewing the important background principles applicable to the case, the district court turned to our decision in *Fonar Corp.*

v. *Deccaid Servs., Inc.*, 983 F.2d 427 (2d Cir.1993), which held that the definition of the maintenance software—the same software with the same definition at issue here—was insufficiently specific and detailed to support the grant of an injunction or a finding of contempt. *Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 920 F.Supp. 508, 516 (S.D.N.Y.1996).

Judge Motley recognized the presumption of copyright validity afforded by a copyright certificate, *id.* at 516–17, but held that the presumption was overcome here, because the work was filed as a "collection" without satisfying one of the statutory requirements for such a filing, namely, that the collected materials be "assembled in an orderly form." 37 C.F.R. § 202.3(b)(3)(i)(B). Fonar had filed less than all of its software program, relying on 37 C.F.R. § 202.20(c)(2)(vii)(A), which permits the filing of the first and last 25 pages of a computer program. But the district court, surveying a work composed of subparts, concluded that the "mass filing" of the entire work, furnishing no more than the first 29 pages of the first module and the last 34 pages of the last, was insufficient to identify the copyrighted work. 920 F.Supp. at 516–17 & n. 10. The district court also found that the "collection" was not sufficiently "orderly" because of the "self-serving and superficial descriptions of the different 'modules'." *Id.* at 518.

Having stripped Fonar of the presumption of copyright validity, the court ruled that Fonar must shoulder the burden of proving the "multitude of facts necessary to prove the validity of its copyright, e.g., originality and copyrightability." *Id.* (internal quotations and citations omitted). The court proceeded to explain why Fonar's showing on that score was insufficient:

> Upon review of the record, the court finds as a matter of law that the cryptic definition of the Maintenance Software upon which plaintiff relies, which fails to indicate that the work is copyrightable in any way, is insufficient to serve as a basis for the instant copyright action. Nowhere does plaintiff set forth with any particularity the elements of the work or the originality or uniqueness of its functioning. Without in-

troducing a genuine issue of material fact on the issue of copyrightability, plaintiff cannot establish the first element of a copyright case: i.e., ownership of a valid copyright.

*Id.* at 518–19 (footnote omitted).

Turning to the question of whether copying had been proven, the court decided that Fonar had also failed to show that MR Plus's copying of the entire work (which the district court assumed) "was carried out with regard to protectible elements of the copyrighted work." *Id.* at 519. The court relied on the inference that "if plaintiff has not shown that its work contains protectible elements, it obviously cannot show that these protectible elements have been copied in such a way that the statute forbids." *Id.*

Fonar retained new counsel after the entry of summary judgment and moved for entry of final judgment pursuant to Fed.R.Civ.P. 54(b), as well as for reconsideration. In its motion to reconsider, made without prior leave, Fonar submitted to the district court for the first time a (second) affidavit by the author of the software, Robert Wolf, which attempted to further delineate the nature of its software. The district court properly refused to consider the affidavit, which had not been before the court when the summary judgment order was issued. Although we granted Fonar's motion to file the second Wolf affidavit in this Court, we have not considered it in resolving this appeal. *See, e.g., United States v. Bonds*, 12 F.3d 540, 552–53 (6th Cir.1993) (materials not before district court when it ruled on issue subject to review are not properly part of record on appeal); *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 (10th Cir.1993) (same). The district court did, however, grant the Rule 54(b) motion for a final judgment with respect to the dismissal of the copyright and unfair competition claims, and this appeal followed.

## DISCUSSION

■ We review a district court's grant of summary judgment *de novo. Silano v. Sag Harbor Union Free School Dist. Bd. of Educ.*, 42 F.3d 719, 722 (2d Cir.1994), *cert. denied*, — U.S. ——, 115 S.Ct. 2612, 132

L.Ed.2d 856 (1995). On appeal "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact, this Court will find that summary judgment is improper. *See Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988).

### I.

Like the district court, we begin our analysis with a discussion of our decision in *Fonar Corp. v. Deccaid Servs., Inc.,* 983 F.2d 427 (2d Cir.1993), which concerned an infringement claim by Fonar against another independent service organization in respect of the same software. That case informs but does not supply the result here. *Deccaid* vacated a preliminary injunction under Rule 65(d) of the Federal Rules of Civil Procedure, and turned on the requirements of that Rule that a district court issuing an injunction "set forth the reasons for its issuance," "be specific in terms," and "describe in reasonable detail ... the act or acts sought to be restrained." *See id.* at 430. We held that the definition of "maintenance software" in the injunction did not allow the parties bound by the injunction to "ascertain from the four corners of the order precisely what acts are forbidden." *Id.* (internal quotations and citation omitted).

The definition of the software in *Deccaid* is the same in haec verba as the definition of the software that Fonar employed in its pleading here and upon which it relied on summary judgment. Insofar as the district court predicated dismissal of Fonar's claims on our decision in *Deccaid,* the court impliedly determined that a definition insufficiently informative to support an injunction is insufficient to preserve a triable issue as to what if anything in Fonar's software is copyrightable.

Fonar's definition of its copyrighted material is flawed and unhelpful. But that deficiency has different ramifications in different contexts. In *Deccaid,* we held that the definition gave insufficient notice as to the scope of the injunction issued by the district court. We have no doubt that if Fonar were to succeed at trial, any resulting injunction would require more specification of the copyrighted material than the vague definition of maintenance software given in *Deccaid* and in this case. At this stage of the litigation, however, the concerns raised in *Deccaid* are not determinative because the software definition is not the basis of any prohibitions on the conduct of the defendants.

### II.

The district court went on, however, to note its concern that defendants could not be expected to mount a defense, and the court could not conduct an efficient trial, unless Fonar specified in advance of trial what is original and copyrightable in its software program. 920 F.Supp. at 519 n.19. That may be, but the district court has the tools necessary to compel the requisite disclosure of information and contentions, and to prevent delay or trial by ambush. *See generally* Fed.R.Civ.P. 16 & 37(b), (c). The entry of summary judgment with respect to the question of infringement, however, is not on this record one of those tools.

There are only two elements of an infringement claim: ownership of a valid copyright and the copying of constituent elements of the work that are original. Since we assume that accessing a program from a hard disk into a computer's random access memory constitutes copying (a proposition that MR Plus may still contest at trial), wholesale copying is not disputed for purposes of this appeal, and thus MR Plus cannot win summary judgment unless there are no disputed issues of material fact with respect to the validity of Fonar's copyright for the maintenance software. To establish its copyright, Fonar relies on the presumption of copyright validity conferred by the certificate of registration.

MR Plus has not undertaken to rebut the presumption by raising any substantive chal-

lenges to the copyrightability of Fonar's software. Rather, MR Plus endeavors to defeat the presumption by taking issue with the manner in which Fonar filed its copyright: (1) Fonar failed to submit a proper copyright deposit for each of the programs that compose the maintenance software; and (2) Fonar failed to comply with the registration requirements for a "collection." For reasons addressed at some length later in this opinion, we conclude that neither of these arguments defeats the presumption of validity, and we therefore vacate the grant of summary judgment.

Nothing we say, however, precludes the district judge on remand from requiring Fonar to furnish pre-trial such particulars of its claims as she in her sound discretion believes is needed in order to allow MR Plus to mount a defense and to allow the court to conduct an efficient and just trial of this cause. *See* Fed.R.Civ.P. 37. And nothing precludes the district judge from requiring Fonar to specify the protectable elements of its software before the issuance of any enforceable injunction. No such additional showing may be needed, however, because at trial Fonar will undoubtedly have to break down its software into its constituent parts in order to allow the examination of these parts for such things as "incorporated ideas, expression that is necessarily incidental to those ideas, and elements that are taken from the public domain." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 706 (2d Cir.1992). Thus, if an injunction is called for at the conclusion of trial, the district court will presumably have already "sift[ed] out all non-protectable material," leaving only the "kernel, or possible kernels, of creative expression." *Id.* With these general principles in mind, we turn to the more specific issues surrounding Fonar's infringement claims.

### III.

■ It is settled that "the literal elements of computer programs, i.e., their source and object codes, are the subject of copyright protection." *Altai*, 982 F.2d at 702. As mentioned, to establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constitu-

ent elements of the work that are original." *Feist Pubs. Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991).

### A. Copyright Validity.

■ The district court determined that Fonar's copyright was invalid and that its software was not copyrightable. We disagree. A certificate of copyright registration is prima facie evidence that the copyright is valid. 17 U.S.C. § 410(c); *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 763 (2d Cir.1991). Moreover, "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir.1989). Fonar's proffer of its certificate of copyright registration thus shifts to MR Plus the burden of proving the invalidity of the copyright, *see Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir.1985) (Friendly, J.); and there the burden rests, unless the presumptions are rebutted.

■ Generally speaking, the presumption of validity may be rebutted "[w]here *other evidence* in the record casts doubt on the question." *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.1980) (emphasis added). The presumption has been overcome on other occasions by evidence that the work had been copied from the public domain, *see Folio Impressions*, 937 F.2d at 763, 764, or by evidence that the work was a non-copyrightable utilitarian article, *see Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411, 414 (2d Cir.1985).

MR Plus has presented no evidence that Fonar's software is entirely unoriginal or that it has been copied from another program, or any other evidence that casts doubt on the copyrightability of Fonar's software. The original motion that MR Plus made in limine (before the district court cast the issue in terms of summary judgment) argued that Fonar's vague definition of its software impaired the defendants' ability to mount a defense at trial; MR Plus did not contend that the software was not copyrightable.

Nor did the district court focus on any "other evidence" in the record that called into question the copyrightability of Fonar's software. Rather, the district court held that Fonar's copyright registration was disentitled to the presumption of validity because there are two formal inadequacies in Fonar's filing with the Copyright Office: (1) the filing failed to identify the works that are the subject of the copyright, and (2) the filing was not "assembled in an orderly form" for filing as required by federal regulation. 920 F.Supp. at 517–18. We respond to each assertion in turn.

■ (1) *Identification of the Work.* The Copyright Office has expertise to determine in the first instance whether a filer has complied with the technical requirements for a registration certificate. We have considered challenges to the presumption of validity where a showing has been offered—by way of a defense to an infringement claim—that there has been a fraud upon the copyright office. *Whimsicality, Inc.,* 891 F.2d at 455. But under this doctrine, the presumption may be overcome only by "proof of deliberate misrepresentation." *Id.; see also Eckes v. Card Prices Update,* 736 F.2d 859, 861 (2d Cir.1984) (only the *knowing* failure to advise the Copyright Office of facts which might have occasioned rejection of an application constitutes reason for finding the registration invalid) (emphasis added). MR Plus does not allege that Fonar has defrauded or made any deliberate misrepresentation to the Copyright Office. The presumption of validity of Fonar's copyright therefore cannot be overcome on this basis.

In any event, Fonar appears to have complied with the registration requirements for its software. In this case, the Copyright Office determined that Fonar's filing of the first 29 and last 34 pages of the source code satisfied the technical filing requirements (and apparently the substantive requirements) for a certificate of registration. MR Plus acknowledges that, in the case of computer programs, the copyright owner is not

required to deposit the full text; it is enough to file the first and last 25 pages of the human-readable source code. 37 C.F.R. § 202.20(c)(2)(vii); *see Data General Corp. v. Grumman Sys. Support Corp.,* 36 F.3d 1147, 1160 (1st Cir.1994). MR Plus argues, however, that Fonar should have submitted the requisite pages of source code for each of the 78 *subprograms* that make up the maintenance software. Whether Fonar had to submit source code for each of the many subprograms (and possibly sub-subprograms) is a question we are content to leave to the judgment, expertise, and practices of the Copyright Office. A single computer program with an overarching purpose (such as the servicing and maintenance of MRI scanners) will necessarily be composed of various modules, subroutines, and sub-subroutines, which through their intra-program interactions accomplish the ultimate function or purpose of the program. *See generally Altai,* 982 F.2d at 697–98. The Copyright Office may well conclude, given this architecture of computer programs, that the various modules and subprograms of the maintenance software may all be registered as a single work. The alternative—requiring Fonar to submit 50 pages of code (and an additional filing fee) for each of the programs that compose the maintenance software—would impose burdens on Fonar and on the resources of the Copyright Office that the Copyright Office may deem unnecessary or excessive.

(2) *Assembly in Orderly Form.* The district court assumed that Fonar had filed its software as a "collection" pursuant to 37 C.F.R. § 202.3(b)(3), and concluded that the filing was inadequate to register a collection because the software filing was not "assembled in an orderly form" as required by the applicable regulation. Although Fonar (employing different counsel) took a somewhat different position below, Fonar now argues squarely that it registered the software as a single work, not as a collection.[1] The face of the registration in no way indicates that the software was filed as a collection; and the

---

1. 37 C.F.R. § 202.3(b)(3) permits the registration of a collection of "self-contained works" as a single work if certain requirements are met. However, the software designer's affidavit appears to indicate that each module is not a self-contained work because the individual modules do not function as "separate, independent elements."

affidavit of the program's designer states that the three modules of the software are considered a single work not only because they are used for the same purpose—maintenance and service of Fonar MRI scanners—but also because there are several service functions which require interaction between modules. The record here is insufficiently clear for us to conclude that Fonar's software is a collection. We do note, however, that we find no indication in the copyright law or any caselaw that computer software composed of multiple interacting modules must be registered as a collection, and not as a single work.

■ In any event, even if the software was registered as a collection, we disagree with the district court's conclusion that the software was not "assembled in an orderly form" pursuant to 37 C.F.R. § 202.3(b)(3)(i)(B). The programs are organized according to the functions they perform, and have been assembled in a way that has withstood the scrutiny of the Copyright Office.

■ Absent a showing that Fonar defrauded or made a deliberate misrepresentation to the Copyright Office, we think that a presumption of regularity and appropriateness in filing is ordinarily subsumed in the presumption of validity that attaches to a certificate of copyright registration. In opposition to summary judgment, Fonar presented to the district its copyright registration together with an affidavit from the principal designer of the maintenance software, attesting to the originality of the software. We hold that this showing, in these circumstances, is sufficient to withstand a ruling on summary judgment that the copyright is invalid.

Accordingly, we conclude that the district court erred in deciding that MR Plus had rebutted the presumption of validity that inheres in a copyright registration certificate. Fonar has therefore (at the least) raised issues of material fact with respect to the first element of a copyright infringement action—ownership of a valid copyright.

B. *Copying.*

■ Drawing all reasonable inferences in favor of Fonar as the non-movant, there is little doubt that there are also issues of fact to be tried with respect to the second of the two elements of an infringement claim: copying of constituent copyrighted material. Fonar alleges, and MR Plus does not appear to deny, that some acts of wholesale verbatim copying of the maintenance software took place. The district court concluded, however, that since Fonar had not shown that its work contained protectable elements, it could not show any impermissible copying. In light of our conclusion concerning the validity of Fonar's copyright, we cannot agree. Assuming that MR Plus made complete copies of Fonar's software, we have no doubt that there are at least material issues of fact as to whether protected elements of the software were copied. *See Triad Sys. Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1335 (9th Cir.1995) (where defendant copied entire computer program, there was "no doubt that protected elements of the software were copied."), *cert. denied,* —— U.S. ——, 116 S.Ct. 1015, 134 L.Ed.2d 96 (1996).

### CONCLUSION

For the reasons set forth herein, we vacate the grant of summary judgment and remand for further proceedings consistent with this opinion.