The PRINCE GROUP, INC. d/b/a Princess Fabrics, Plaintiff,

v.

MTS PRODUCTS and KMart, Defendants.

No. 95 Civil 1160 (DAB).

United States District Court, S.D. New York.

June 27, 1997.

Silverberg Stonehill & Goldsmith, New York City, for Plaintiff; Kenneth R. Schachter, of counsel.

Edwin D. Schindler, Coram, NY, for Defendant; Edwin D. Schindler, of counsel.

Lyon & Lyon, Los Angeles, CA, for Defendant; Robert E. Lyon, of counsel.

### MEMORANDUM AND ORDER

BATTS, District Judge.

Plaintiff, Princess Fabrics ("Princess"), is a textile converter, which purchases raw textiles and hires outside contractors to dye, print and finish the fabrics. Princess then sells the finished fabrics to companies which manufacture other finished goods such as infant and juvenile apparel. Defendants, MTS Products ("MTS"), a seller of baby and juvenile products and KMart Corporation ("KMart"), a large well-known chain retail store, have allegedly infringed Plaintiff's copyrighted works "Mega Dot" and "Star and Clouds" [1] by selling products made with fabric designs that are allegedly strikingly similar to Plaintiff's copyrighted works. Plaintiff brought this action seeking damages pursuant to 17 U.S.C. § 504, an accounting of all sales of infringing goods, and the destruction of all infringing goods.

### I. BACKGROUND

Plaintiff, is a New York corporation. (Am. Compl. at 3; Pl.'s Local Civil Rule 3(g) Statement ¶ 1; Defs.' 3(g) Stmt. at 1.) [2] It designs and purchases fabric designs which are then hired out to contractors to convert into printed material. (Prince Aff. ¶ 3.) Plaintiff places a copyright notice on the selvage (the edge) of its fabric in order to prevent copyright infringement. (*Id.* ¶ 5.) Once the fabrics are produced Plaintiff distributes the samples to its sales representatives who garner orders from manufacturers. (*Id.* ¶ 6.)

MTS's principal place of business is in California and it frequently does business in New York. (Pl.'s 3(g) Stmt. ¶ 2; Defs.' 3(g) Stmt. at 1; Compl. ¶ 4.) It sells baby and juvenile products. (Pl.'s 3(g) Stmt. ¶ 3; Defs.' 3(g) Stmt. at 1.) KMart is a well-known national retailer that purchases baby and juvenile products from MTS. (Pl.'s 3(g) Stmt. ¶¶ 4–5; Defs.' 3(g) Stmt. at 1; Compl. ¶ 7.)

Plaintiff created and produced a fabric design entitled "Mega Dot" that it published on February 15, 1993, and copyrighted on October 6, 1994. (Prince Aff. Ex. 2; Defs.' 3(g) Stmt. at 2; Pl.'s 3(g) Stmt. ¶ 12.) Plaintiff created and produced a fabric design entitled "Stars and Clouds" published on July 16, 1993, and copyrighted on August 10, 1993. (Prince Aff. Ex. 5.; Pl.'s 3(g) Stmt. ¶ 21.)

In 1995, while shopping at KMart, Steven Prince ("Prince") who is in charge of Princess's sales and marketing, saw an MTS manufactured stroller offered for sale, made from fabric that allegedly copied Plaintiff's

---

1. There are only two designs which are at issue in this case, not five as stated in Plaintiff's Memo of Law. (Pl.'s Mem. Law at 15.)

2. Local Civil Rule 3(g) has recently been amended to Local Civil Rule 56.1. However, the 3(g) Statements will be referred to as "3(g) Stmts." throughout this order.

design. (Prince Aff. ¶ 22.) Plaintiff then obtained a MTS catalogue and found products offered made from a design that allegedly copied Plaintiff's "Star and Clouds" design. (*Id.* ¶ 25.)

MTS claims that it acquired all products made with the infringing fabric from an affiliated company, Yorden Inc., in Taiwan.[3] The Plaintiff now moves for summary judgment[4] seeking damages pursuant to 17 U.S.C. § 504, an accounting and damages suffered from the sales of the existing infringing products, destruction of all goods made from infringing products and attorney fees.[5]

## II. DISCUSSION

The principles applicable to summary judgment are familiar and well-settled. Summary judgment may be granted only when there is no genuine issue of material fact remaining for trial, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Corselli v. Coughlin*, 842 F.2d 23 (2nd Cir. 1988). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

As a general rule, all ambiguities and all inferences drawn from the underlying facts must be resolved in favor of the party contesting the motion, and all uncertainty as to the existence of a genuine issue for trial must be resolved against the moving party. *La-Fond v. General Physics Servs. Corp.*, 50 F.3d 165, 171 (2nd Cir.1995). As is often stated, "[v]iewing the evidence produced in

the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. LILCO*, 933 F.2d 187, 191 (2nd Cir.1991).

In order to prevail on a copyright cause of action, the Plaintiff must establish ownership of the copyright, its validity and unauthorized copying of protected and original elements, by the Defendant. *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2nd Cir.1997); *Lipton v. Nature Co.*, 71 F.3d 464 (2nd Cir.1995); *Key Publications, Inc. v. Chinatown Today Publ'g Enters., Inc.*, 945 F.2d 509 (2nd Cir.1991). Plaintiff has submitted valid copyright and registration certificates for both designs. (Compl. Exs. 2, 5.) The Plaintiff's registration of both copyrights is prima facie evidence of copyright ownership and validity and shifts the burden of proof to Defendants to show the invalidity of Plaintiff's copyrights. *See Fonar*, 105 F.3d at 104; *Textile Innovations, Ltd. v. Original Textile Collections, Ltd.*, No. 90 Civ. 6570, 1992 WL 125525 (S.D.N.Y. May 26, 1992); *In Design v. Lynch Knitting Mills, Inc.*, 689 F.Supp. 176 (S.D.N.Y.), *aff'd*, 863 F.2d 45 (2nd Cir.1988); *Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F.Supp. 151 (S.D.N.Y.1984).

### A. Validity of Plaintiff's Copyright

#### 1. *Mega Dot*

Defendants contend that the Mega Dot pattern is not original and is therefore not copyrightable. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282, 1287, 113 L.Ed.2d 358 (1991). They reason that the polka dot is simply a circle—a basic geometric shape that falls within the public domain, and is thus, uncopyrightable.

Defendants also request summary judgment. (Defs.' 3(g) Stmt. at 14.) However, Defendants failed properly and formally to move for summary judgment. Accordingly, this request is denied.

---

**3.** Defendants provide no evidence of the actual importation of the goods or evidence of the existence of the alleged Taiwanese company Yorden.

**4.** There has been no request for a jury trial.

**5.** In violation of this Court's Individual Rules, Defendants filed a surreply brief. Accordingly, the Court will not consider the brief.

The test for originality of copyright is minimal. Plaintiff must prove that its work is the result of independent creation, that is, not the result of copying another's work, and it must also meet a minimal level of creativity. *Feist,* 499 U.S. at 345, 111 S.Ct. at 1287; *Dolori Fabrics, Inc. v. The Limited, Inc.,* 662 F.Supp. 1347 (S.D.N.Y.1987). However, due to the prima facie validity of Plaintiff's copyright, the burden of proof shifts to the Defendant to show Plaintiff's work is not original. *In Design,* 689 F.Supp. 176. The Defendants have failed to produce evidence that would disprove Plaintiff's independent creation of Mega Dot.

Like the threshold for originality, that for creativity is similarly low. *Feist,* 499 U.S. at 345, 358, 111 S.Ct. at 1287, 1294; *Gaste v. Kaiserman,* 863 F.2d 1061, 1066 (2nd Cir. 1988). Although the Defendants claim that these polka dots are only a slight variation of a commonplace design, they offer no expert evidence to support that claim. There must be more than the Defendants' meager claim to support the invalidity of the Plaintiff's copyright. *In Design,* 689 F.Supp. at 179 (the court determined the contention of the defendant's expert witness that the argyle pattern in question was a mere variation of a standard argyle pattern was insufficient to show that the plaintiff's copyright was invalid). The polka dots in this case are more than average circles. First, they are irregularly shaped, and not the perfect circles of a standard polka dot. They are "shaded," that is, there is a crescent of white around half of the perimeter of each of the dots which is different from the standard uniformly colored polka dot, and they consist of several different colors. Thus, the shape and the shading of the dots are sufficiently original to meet the threshold of creativity.

Even if the polka dots on their own are not sufficiently creative to meet the threshold of creativity, "a work may be copyrightable even though it is entirely a compilation of unprotectable elements." *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1003–04 (2nd Cir.1995) (citing *Feist,* 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358) (the court ruled that even telephone directory listings can be copyrightable if they are selected, coordinat- ed or arranged in an original fashion). Creativity of arrangement is also low. *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759 (2nd Cir.1991) (the court ruled that decision to place roses in straight lines was sufficiently creative to meet the test); *see also Cranston Print Works Co. v. California Dimensions, Inc.,* No. 90 Civ. 655, 1990 WL 33580 (S.D.N.Y. Mar. 22, 1990) (citing *Primcot Fabrics, Dep't of Prismatic Fabrics, Inc. v. Kleinfab Corp.,* 368 F.Supp. 482, 484 (S.D.N.Y.1974)). Here, the decision to place the polka dots in imperfect and conflicting diagonal lines at varying distances from each other giving the appearance of randomness, distinguishes this arrangement from the regularity of the generic creativity for copyright validity. Having met the tests of independent creation and creativity, the Court finds that the Plaintiff's Mega Dot design is valid.

### 2. *Stars and Clouds*

The Defendants argue that this fabric design is nothing more than stars and clouds which is quite common for fabric used in children's products. Defendants, however, have not produced any evidence of any other "standard" stars and cloud designs. Furthermore, although a star or cloud alone may not on their own be copyrightable, the design as it is composed is sufficiently original.

### B. Copying

Having met the burden on ownership and validity, Plaintiff must also show unauthorized copying by Defendants. In the absence of direct copying Plaintiff can show an inference of copying either by showing its design is strikingly similar, or by showing the two designs are substantially similar and the infringer had access to the design. *Lipton,* 71 F.3d 464; *Gaste,* 863 F.2d 1061; *Kenmill v. Tongkook Spinning Co.,* No. 93 Civ. 7014, 1995 WL 242110 (S.D.N.Y. Apr.26, 1995).

### 1. *Striking Similarity*

Two designs are strikingly similar if "the similarities between the plaintiff's and the defendant's work are so extensive and striking [to], without more, both ... justify an inference of copying and ... prove im-

proper appropriation." *Gaste,* 863 F.2d at 1068; *Lipton,* 71 F.3d at 471. The similarity must also be so striking as to preclude the possibility of independent creation. *Lipton,* 71 F.3d at 471.

### i. Mega Dot

■ The Court finds the Mega Dot fabric design and the infringing design are strikingly similar. The infringing design has the same irregularly shaped polka dots, the same semi-circle white crescent of shading around each dot, the same arrangement of the dots in an irregular and conflicting diagonals lines, the same color polka dots and the same blue background. Defendants argue that if placed on top of each other, the designs would not match up and therefore the two designs are not strikingly similar. Courts have found that two fabric designs do not have to be identical to be strikingly similar. "To be sure, no two pieces of the quilt are identical, in either design or dimension. However the way that the pieces of the quilt are positioned, their approximate dimension, their colors and color schemes are strikingly similar. The two fabrics have the same aesthetic appeal." *Cranston,* 1990 WL 33580 at *2; *see also Greeff Fabrics, Inc. v. Spectrum Fabrics Corp.,* 217 U.S.P.Q.(BNA) 498 (S.D.N.Y.1981). Here, the dots themselves and their arrangement are strikingly similar. The color scheme although not identical is only slightly different in degree of shading.[6] Accordingly, the Court finds that the designs are strikingly similar and Defendants infringed the Plaintiff's copyrighted work "Mega Dot."

### ii. Stars and Clouds

■ The allegedly infringing design of the "Stars and Clouds" design is not strikingly similar to the copyrighted design due to the darker shade of the predominant colors in the infringing design.

### 2. *Substantially Similar*

■ Alternatively to striking similarity, Plaintiff may show an inference of copying through substantial similarity of the two works and access on the part of Defendants to the work. *Odegard, Inc. v. Costikyan Classic Carpets, Inc.,* No. 97 Civ. 1179, 1997 WL 240553 (S.D.N.Y. May 6, 1997); *In Design,* 689 F.Supp. 176.

■ The test for substantial similarity is whether "the ordinary observer, unless he is set out to detect disparities would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2nd Cir.1960); *Beeba's Creations, Inc. v. Details Sportswear, Inc.,* No. 92 Civ. 6611, 1994 WL 268241, *2 (S.D.N.Y. June 15, 1994). This test has also been expressed as "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Beeba's,* 1994 WL 268241, *1; *Davidov v. Tapemeasure Enters., Inc.,* No. 92 Civ. 5807, 1993 WL 88234 (S.D.N.Y. Mar. 24, 1993). "If from a distance of 'five to ten feet' the ordinary observer would conclude the garments differed, no infringement has occurred. Furthermore, certain factors are to be given consideration in determining similarity, including (1) size of the elements, (2) pattern, (3) color and (4) repetition." *Beeba's,* 1994 WL 268241, at *2.

■ The Court finds the infringing design and the copyrighted Stars and Clouds design are substantially similar. The star and cloud pattern in the two designs have the same cartoon-like motif and style, the arrangement and spacing of the stars and clouds in relation to each other is the same, the color scheme is similar, although that of the infringing design has starker shading. Viewing the two designs side by side, an observer is hard pressed to perceive them any other way than coming from the same outside source. In short, the over-all "look and feel" of the two works are the same. *Knitwaves,* 71 F.3d at 1003 (infringing design had same "total concept and feel"); *Gund, Inc. v. Russ Berrie and Co.,* 701 F.Supp. 1013 (S.D.N.Y.1988). The differences are so

---

6. Defendants may overcome a finding of similarity by showing independent creation. *Gaste,* 863 F.2d at 1068; *Kenbrooke,* 602 F.Supp. at 154.

The Defendants have not offered any evidence of independent creation and therefore have not rebutted the inference of copying.

insubstantial, that while they ensure that the works are not identical, they do not negate that the designs are substantially similar.[7] Hence, the two designs are substantially similar.

■ In order to establish infringement Plaintiff must also prove Defendants had access to the work. However, based on the parties' submissions, a genuine issue of material fact as to Defendants' access to the copyrighted work exists. "Plaintiff bears the burden of producing 'significant, affirmative, and probative evidence' to demonstrate that defendant had access to its claimed work." *Beeba's,* 1994 WL 268241, *2. Plaintiff has failed to come forward with evidence sufficient to meet its burden. Accordingly, although the Court finds the designs to be substantially similar, summary judgment in favor of the Plaintiff cannot be granted regarding the "Stars and Clouds" design.

Finally, Defendants claim that they innocently infringed the copyright and therefore are not liable. "As a matter of law, 'innocent infringement' or copying from a third source wrongfully copied from the plaintiff, without knowledge that the third source was infringing does not absolve a defendant of liability for copyright infringement." *Lipton,* 71 F.3d at 470.

## C. Damages

Although Plaintiff requested damages pursuant to 17 U.S.C. § 504(c)(2), which states there must be willful infringement in order to obtain the statutory relief of up to $100,-000.00, *see Textile Innovations,* 1992 WL 125525, it does not address the issue or bring any evidence to the Court's attention to support a finding of wilful infringement. Plaintiffs also present no finding of wilful infringement. Plaintiffs also present no evidence of actual damages. Accordingly genuine issues of material fact remain, and an award of damages cannot be made on this record.

## III. CONCLUSION

The Court finds that the infringing design is strikingly similar to the Mega Dot design and thus Defendants have infringed it. The

allegedly infringing design is substantially similar to the Stars and Clouds design, but Plaintiff has not shown access. Plaintiff's request for summary judgment in all other respects is DENIED.

On the remaining issues, the parties shall submit Memoranda of Law no later than August 15, 1997. On that day the parties' Findings of Fact and Conclusions of Law shall be filed. On September 5, 1997, the parties shall submit their Joint Pre–Trial Order.

SO ORDERED.

---

7. Once again, Defendants have not come forward with any evidence of independent creation.