**DAN RIVER, INC., Plaintiff,**

v.

**SANDERS SALE ENTERPRISES, INC., Defendant.**

### No. 00 Civ. 2900(RWS).

United States District Court, S.D. New York.

May 4, 2000.

---

Pryor Cashman Sherman & Flynn, New York, NY (Kenneth A. Schulman, Michael G. Goldberg, of counsel), for Plaintiff.

Bloom Borenstein, P.C., New York, NY (Abraham Borenstein, of counsel), for Defendant.

## OPINION

SWEET, District Judge.

Plaintiff Dan River Inc. ("Dan River") seeks a preliminary injunction on its claims of copyright infringement against defendant Sanders Sale Enterprises, Ltd. ("Sanders"). For the reasons set forth below, a preliminary injunction will issue.

### The Parties

Dan River is a Georgia corporation authorized to do business in New York, with an office in Manhattan.

Sanders is a New Jersey corporation with its principal place of business in New Jersey.

### Prior Proceedings

Dan River filed its complaint on April 14, 2000, and by order to show cause on April 18, 2000, sought a temporary restraining order and preliminary injunction enjoining Sanders from selling three styles of bedding comforters. On representation of counsel that Sanders would refrain from selling the allegedly infringing items in the interim, the Court set a hearing date of April 28, 2000 for the TRO and preliminary injunction.

At the close of the evidentiary hearing on April 28, the Court issued a TRO enjoining Sanders for ten days from continuing to sell two of its bedding comforters: those which Sanders calls "Baroque"[1] and "Moritz."

### Findings of Fact

Dan River is a well-known designer and manufacturer of goods for the home fashion market. Among its products is the "Bed in a Bag" line of complete bed ensembles, consisting of a comforter bearing a copyrighted design, and flat and fitted sheets, pillow cases and shams, and a dust ruffle in coordinated patterns, usually drawing on elements from the comforter face. Dan River sells several million "Bed in a Bag" ensembles each season.

In or about May 1997, Dan River acquired a work of art entitled "Textured Scroll Artwork" by written instrument from Boyd Howell Design, a design house in Brighton, England. The artwork was registered by Dan River with the United States Copyright Office on March 29, 2000.

In or about October 1998, Dan River modified the "Textured Scroll Artwork" design, naming the modified work "All Over Geometric." Also in October 1998, Dan River created new artworks entitled "Border Geometric" and "Diamond Color Block." "All Over Geometric," "Border Geometric," and "Diamond Color Block" were each subsequently published in the United States. The three artworks were also registered with the Copyright Office on March 29, 2000. For the past several seasons, Dan River has manufactured and sold bedding products made from fabric bearing the "All Over Geometric," "Border Geometric," and "Diamond Color Block" designs. The "All Over Geometric" design is used on a comforter face in the "Bed in a Bag" set entitled "Palladium"; the "Border Geometric" in a set entitled "Infinity"; and the "Diamond Color Block" in a set entitled "Barritz."

In 1999, Sanders began selling pre-packaged complete bed ensembles, which it calls "Bed in a Pack," containing the same components as the Dan River "Bed in a Bag" ensembles. Other companies market similar products. For example, the Canon Company sells a product it calls "Bed in a Bag," which also consists of a bedding ensemble set. Among Sanders' "Bed in a Pack" sets are three sold under the names "Moritz," "Baroque," and "Eternity." The "Baroque" and "Eternity" designs were registered with the Copyright Office on December 9, 1999.

The face of the comforter in the Sanders "Moritz" set bears a striking similarity to the face of the comforter in the Dan River "Barritz" set, which uses the "Diamond Color Block" artwork. The two designs— a background of small diamond boxes overlaid by large squares in alternating colors—are virtually identical and would be indistinguishable to an ordinary purchaser. As words are somewhat inadequate to describe the nature of the similarity, photocopies of the two designs are attached to this opinion as Appendix A ("Moritz") and B ("Barritz").

Likewise, the face of the comforter in the Sanders "Baroque" set (Appendix C) bears a striking similarity to the face of the comforter in the Dan River "Palladium" set (Appendix D), which uses the "All Over Geometric" artwork. The shapes used to create the design are virtually identical. While the "Baroque" design is a slightly more focused, less abstract, rendition of the "Palladium" design, the designs would not be distinguishable to an ordinary purchaser.

The face of the comforter in the Sanders "Eternity" set (Appendix E), while similar to that of the comforter face in the Dan River "Infinity" set (Appendix F) (using the "Border Geometric" artwork), is not strikingly similar. For example, while both designs contain leaf patterns and a

---

1. Sanders also calls the "Baroque" design "Fency." For simplicity, in this opinion "Baroque" is used to designate Sanders' "Baroque/Fency" design.

swirl motif, the leaf patterns are different in the two designs, as are the size and location of the swirl patterns.

### Conclusions of Law

#### I. The Standard for a Preliminary Injunction

■ The standard for granting a preliminary injunction in this circuit is "(1) a showing of irreparable injury and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tipping in favor of the movant." *Civic Ass'n of the Deaf v. Giuliani*, 915 F.Supp. 622, 631 (S.D.N.Y.1996) (*citing Blum v. Schlegel*, 18 F.3d 1005, 1010 (2d Cir.1994)); *see also Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 998–99 (2d Cir.1997).

■ In cases of copyright infringement, however, irreparable injury is generally presumed if the plaintiff can demonstrate a likelihood of success on the merits. *See, e.g., Richard Feiner & Co. v. Turner Entertainment Co.*, 98 F.3d 33, 34 (2d Cir. 1996); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1094 (2d Cir.1977) (*citing* fabric design cases). As set forth herein, Dan River has demonstrated a likelihood of success on the merits of its infringement claim with respect to two of the three allegedly infringing Sanders items; irreparable injury is therefore presumed.

#### II. Dan River Has Shown a Likelihood of Success on the Merits of Certain of its Copyright Infringement Claims

■ There are two elements to a copyright infringement claim: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *accord Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir.1997). Copyright protection ex-

tends to fabric designs. *See Hamil America, Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999); *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 762 (2d Cir.1991) (*citing Millworth Converting Corp. v. Slifka*, 276 F.2d 443 (2d Cir.1960); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487 (2d Cir.1960)).

■ A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright. *See* 17 U.S.C. § 410(c). As indicated above, Dan River obtained copyright registration for its "All Over Geometric," "Border Geometric," and "Diamond Color Block" designs on March 29, 2000. Sanders did not present any evidence to rebut the *prima facie* evidence of valid ownership. Thus, Dan River has satisfied the first element required to prevail on an infringement claim for purposes of preliminary injunctive relief.

"To prove infringement, a plaintiff with a valid copyright must demonstrate that: '(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir.1995) (*quoting Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.*, 25 F.3d 119, 122–23 (2d Cir.1994)).

"Since direct evidence of copying is seldom available, '[c]opying may be inferred where a plaintiff establishes that the defendant had access to the copyrighted work and that substantial similarities exist as to protectible material in the two works.'" *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986). In the alternative, "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access." *Ferguson v. NBC, Inc.*, 584 F.2d 111, 113 (5th Cir.

1978); *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir.1988).

*Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir.1995).

■ While there is no question that Dan River's designs were readily available in retail markets throughout the United States, Sanders denies it had access to those designs and it cannot be concluded on the evidence presented at the preliminary injunction hearing that access was demonstrated. This is not fatal to Dan River's motion, however, as a showing of striking similarity alleviates the necessity of demonstrating access.

> Two designs are strikingly similar if "the similarities between the plaintiff's and the defendant's work are so extensive and striking [to], without more, both ... justify an inference of copying and ... prove improper appropriation." *Gaste*, 863 F.2d at 1068; *Lipton*, 71 F.3d at 471. The similarity must also be so striking as to preclude the possibility of independent creation. *Lipton*, 71 F.3d at 471.

*Prince Group, Inc. v. MTS Prods.*, 967 F.Supp. 121, 125 (S.D.N.Y.1997). The copied portion of the work must amount to an "improper or unlawful appropriation." *Kerr v. New Yorker Magazine, Inc.*, 63 F.Supp.2d 320, 324 (S.D.N.Y.1999).

■ With respect to the "Moritz" design, Sanders did not attempt to suggest, either in its motion papers or during the hearing, that the design could be distinguished from Dan River's "Diamond Color Block" design. As set forth in the Court's findings of fact, the two designs are virtually identical and warrant a finding of striking similarity.

With respect to the "Baroque" and "Palladium" designs, virtually the same combination of arbitrary decorative motifs is used. The sole distinction Sanders attempts to make is that the "Baroque" design is more distinct and defined, while the "Palladium" design is subdued and muted. However, the "Palladium" design is only slightly more muted than the "Baroque" design, which itself is somewhat abstract. The very slight degree of "sharpening" of the pattern does not distinguish the "Baroque" design from the "Palladium" design. Again, the two designs are virtually identical and warrant a finding of striking similarity.

■ On the other hand, the "Eternity" and "Infinity" designs, while similar, do not warrant a finding of striking similarity. Differences in the size of the swirls, the design of the leaf motif, and the presence of a background circle design in the "Infinity" design absent from the "Eternity" design serve to distinguish the two. Absent a showing of access, it cannot be concluded that the "Eternity" design was copied from the "Infinity" design.

In sum, Dan River has demonstrated a likelihood of success on the merits of its copyright infringement claim with respect to Sanders' "Moritz" and "Baroque" designs. Dan River has not demonstrated a likelihood of success on the merits with respect to Sanders' "Eternity" design.

### Conclusion

For the reasons set forth above, a preliminary injunction will issue with respect to Sanders' "Moritz" and "Baroque" comforter designs. Dan River is directed to settle the injunctive order on notice. The temporary restraining order issued by this Court is hereby extended for ten days, until May 18,[2] good cause having been shown, and to give Dan River sufficient time to settle the order.

It is so ordered.

---

2. Saturdays, Sundays, and the day this opinion is issued are excluded in the calculation of time. *See* Fed.R.Civ.P. 6(a) & 65(b).

APPENDIX "A"

SANDERS

"MORITZ"

APPENDIX "B"

DAN RIVER, INC.

"BARRITZ"

APPENDIX "C"
SANDERS

"BAROQUE"

APPENDIX "D"

DAN RIVER, INC.

"PALLADIUM"

# APPENDIX "E"
## SANDERS

## "ETERNITY"

F

## APPENDIX "F"
## DAN RIVER, INC.

## "INFINITY"

F

